***McKINLEY & RYAN, LLC***
*Attorneys at Law*

*238 West Miner Street*
*West Chester, PA 19382*
*Tel: (610) 436-6060*
*Fax: (610) 436-6804*

*Lorrie McKinley, Esquire*
*lmckinley@mckinleyryan.com*

*Nancy Ryan, Esquire*
*nryan@mckinleyryan.com*

August 18, 2022

The Honorable Jeffrey L. Schmehl
United States District Court for the
Eastern District of Pennsylvania
The Gateway Building, Suite 518
201 Penn Street
Reading, PA 19601

***Gardner v. Kutztown University, et al.***
**C.A. No. 22 cv-1034**

Dear Judge Schmehl:

During oral argument today, counsel for KU made a number of problematic statements, particularly in relation to Dr. Gardner's request for an accommodation for the 2022 fall semester. Please accept this letter and the attached documentation in rebuttal to those statements, and in supplementation of the Appendix to the TRO Motion (Doc. Nos. 18 &18-1).

***First***, counsel stated that KU denied the fall 2022 accommodation request because Professor Gardner refused to cooperate by providing additional medical information. As explained in the TRO Memorandum, Doc. No. 16-1, p. 12, KU never granted or denied that request, and no one ever suggested before the Rule 16 conference that she had anything to do with that. Furthermore, at no time before she filed her lawsuit on March 17, 2022 did KU ever dispute that her medical condition and immune suppression were qualifying disabilities under the ADA. That is not why her requests for accommodation had been denied. Doc. No. 18 at 7-8; 21 & 23.

The relevant chronology is as follows:

- On February 21, 2022, Defendant Jennifer Weidman asked Dr. Gardner to provide notice if she intended to seek accommodation for the fall semester. "Since you just provided updated medical documentation in association with your FMLA" paperwork, no updated medical is required at this time for ADA accommodation

purposes, although another update will be requested again in late summer. Doc. No. 18 at 26.

* On March 22, 2022, the complaint was served by consent to the PASSHE attorney with whom Plaintiff's counsel had been corresponding before filing the lawsuit.

* On March 31, 2022, Dr. Gardner submitted her fall 2022 request for accommodation to both DSO and to Ms. Weidman. Doc. No. 18 at 27.

* On April 7, 2022 and April 14, 2022, Professor Gardner asked Ms. Weidman to provide a status report on her fall accommodation request. Supp. App., p. 2.

* On April 13, 2022, although KU had not filed an Answer, Dr. Gardner's attorney issued SEDs, followed on April 19, 2022 by a 112-page SED document production.

* On April 15, 2022, DSO asked Dr. Gardner to provide extensive additional medical information pertaining to the nature and extent of her disability. Supp. App., pp. 1-2 .

* On April 25, 2022, Dr. Gardner advised DSO that she was represented by counsel, and that because its request pertained to issues in her pending lawsuit, and particularly because Ms. Weidman had already said that no further medical information was necessary, her attorneys would be communicating directly with defense counsel to address their concerns about her request. Meanwhile, Dr. Gardner attached her FMLA paperwork, all of which HR already had, but DSO possibly did not. Supp. App., at 1 .

* On April 26, 2022, Dr. Gardner's attorney sent a lengthy E-mail to defense counsel, Kathy Le, Esquire, raising concerns about DSO's *ex parte* request for medical documentation, which had never been in dispute before her lawsuit was filed, that looked very much like a discovery request written by a lawyer, and had been sent directly to Dr. Gardner when KU knew she was represented by counsel. Plaintiff's attorney offered to discuss the issue further with Ms. Le, and asked that any further requests for information be directed through counsel. Supp. App., p. 5.

Ms. Le never responded to the April 26, 2022 E-mail, nor has she ever made a discovery request regarding Dr. Gardner's disability or any other issue in the case. Thus, her complaint today about not having had a chance to conduct discovery is not only irrelevant, but entirely disingenuous.

Moreover, the Court has the authority to grant temporary restraint and/or preliminary injunctive relief without a full (or any) discovery record. *C.f.*, 42 U.S.C. §12188 (b).[1]

***Second***, Counsel's representation that the Dean and the Chair denied Professor Gardner's accommodation request, or in some way objected to granting it because of her online teaching performance, are both irrelevant and baseless. Her fall 2022 request was never denied, and no one from her Department has said otherwise. TRO at 12.

***Third***, Counsel's statement that Dr. Gardner's accommodation request for fall 2022 would have been too late by January, 2022 defies explanation. It was not until February 21st that Ms. Weidman asked her to provide notice if she still wanted an accommodation. Furthermore, Weidman testified on March 7th that she was "reaching out" to plan around the course conversion issue for the fall semester. Doc. No. 18-1 at 21 (TRO G-143-44). Until today, KU never notified Dr. Gardner that her fall 2022 request was too late, nor has it explained its failure and/or refusal to respond to it on any other basis.[2] Furthermore, Dr. Gardner made it clear in her Complaint that she was seeking a remote work accommodation "until it is medically safe for her to return to campus." Doc. No. 1, p. 38.

Respectfully submitted,

LORRIE McKINLEY

cc: Dr. Carolyn Gardner
Kathy Le, Esquire
Ralph Lamar, Esquire

---

1 Furthermore, counsel's argument that Plaintiff's Motion is inappropriate because it seeks to change the status quo is puzzling, as she needs no help from the Court to leave things the way they are, i.e., barred from working because KU refuses to provide her with a reasonable accommodation. The point of temporary and/or injunctive relief is to change the *status quo pendente lite* to avert prospective irreparable injury deriving from actions that are substantially likely to be illegal. Plaintiff alleges that KU's refusal to provide her with a remote work accommodation for the second year in a row produces exactly the type of injuries Section 504 intends to prevent, and they are irreparable. Motion, at 30-34.

2 These are just a few of the many shifting explanations KU has asserted since last week. Among the new ones articulated today is that Professor Gardner's request for a remote work accommodation is by definition unreasonable because it does not have a definite end date, apparently by analogy, however inapposite, to cases involving indefinite requests for medical leave. In those cases the employer may suffer undue hardship if the plaintiff's absence from work is undefined for a long period of time. Here, however, Dr. Gardner wants to come to work, and would be at work, teaching her classes and fulfilling all of her other duties, if KU granted her the accommodation she needs to access to the workplace. Ironically, KU expresses no concern about allowing her to stay home until the case is over.

## Re: RA under ADA for Fall 2022: Request for Documentation

Gardner, Carolyn <gardner@kutztown.edu>
Mon 4/25/2022 1:45 PM
To: Hollenbach, McKenzie <mhollenb@kutztown.edu>

3 attachments (727 KB)

FMLA.Spring 2022.Form and Doctor Certification.pdf; FMLA.Fall.2021.Form and Doctor Certification.pdf; FMLA.03.21.21.pdf;

Hello McKenzie,

You may not be aware, although Jennifer certainly is, that I am represented by counsel in connection with KU's handling of my requests for accommodation, and my entitlement for the fall semester is one of the issues in my pending lawsuit. Obviously, any communications from KU pertaining to any of those issues have to be addressed to my attorneys. They have a lot of concerns about your 4/15 E-mail which they will be raising with KU's counsel. In the meantime, they have authorized me to provide only the attached FMLA documentation, which HR certainly has, but maybe you have not seen.

There has never been any question about my disability, and that is not why my accommodation requests have been denied. Jennifer said in her February 22nd E-mail that it was not necessary for me to provide any further information unless my medical situation had changed, and it has not, or if my request for accommodation was somehow different, which it isn't.

Sincerely,

Carolyn

---

**From:** Hollenbach, McKenzie <mhollenb@kutztown.edu>
**Sent:** Friday, April 15, 2022 9:52 AM
**To:** Gardner, Carolyn <gardner@kutztown.edu>
**Subject:** RA under ADA for Fall 2022: Request for Documentation

Dear Carolyn,

I'm reaching out to follow-up with you regarding your request for reasonable accommodations. After a review of the materials you provided, additional medical documentation is required to properly evaluate your request. The documentation should include the following information:

1. Onset date of the medical condition, specifically peripheral focal chorioretinal inflammation of both eyes
2. Description of current treatment methods, including name and onset date

TRO Supp. App. P. 1

of medication causing immunosuppression
3. Description of level of immunosupression and affect on daily life activities
4. Length of time anticipated for the medical condition of peripheral focal chorioretinal inflammation
5. Length of time anticipated to be on medication causing immunosupression

Please Note: Documentation must be presented on letterhead and include the name, title, professional credentials, and signature of the healthcare professional or evaluator.

Thank you for your time and understanding.

Sincerely,

**McKenzie Hollenbach, LMSW & MPA** I Mhollenb@kutztown.edu
Interim Director: Disability Services Office
**Kutztown University of Pennsylvania**
215 Stratton Administration Building I PO Box 730 I Kutztown, PA 19530
Phone: 610-683-4108 I Cell or Fax: 610-683-1520 I www.kutztown.edu

*All information from the Disability Services Office (DSO) will be sent to your Kutztown University email address.*

**DISCLAIMER This e-mail message and any files transmitted with it are intended for the use of the individual or entity to which they are addressed and may contain information that is privileged, proprietary and confidential. If you are not the intended recipient, you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this communication in error, please notify the sender and delete this e-mail message. The contents do not represent the opinion of Kutztown University except to the extent that it relates to their official business.

**From:** Gardner, Carolyn <gardner@kutztown.edu>
**Sent:** Thursday, April 14, 2022 4:50 PM
**To:** Weidman, Jennifer <weidman@kutztown.edu>
**Cc:** Hollenbach, McKenzie <mhollenb@kutztown.edu>
**Subject:** Fw: RA under ADA for Fall 2022

Hello Jennifer,
It's been two weeks since I submitted this request. Can you please update me on the status of the request or let me know how long I can expect to wait for a response.

Thank you,
Carolyn

---

**From:** Gardner, Carolyn <gardner@kutztown.edu>

TK6-Supp.
Opp.
p.2

**Sent:** Thursday, April 7, 2022 4:05 PM
**To:** Weidman, Jennifer <weidman@kutztown.edu>
**Cc:** Hollenbach, McKenzie <mhollenb@kutztown.edu>
**Subject:** Fw: RA under ADA for Fall 2022

Hello Jennifer,

Would you be able to give me a status of this Reasonable Request under the ADA I submitted a week ago?

Thank you,
Carolyn

Carolyn

Carolyn

---

**From:** Gardner, Carolyn
**Sent:** Thursday, March 31, 2022 4:37 PM
**To:** Hollenbach, McKenzie <mhollenb@kutztown.edu>; Weidman, Jennifer <weidman@kutztown.edu>; DSO <DSO@kutztown.edu>
**Subject:** RA under ADA for Fall 2022

Dear McKenzie and Jennifer,

I am attaching my Request for Reasonable Accommodation under the ADA. I am using my most current letter from my doctor.

Sincerely yours,
Carolyn

TRO-Supp App.

p. 3

# RE: RA under ADA for Fall 2022: Request for Documentation

Hollenbach, McKenzie <mhollenb@kutztown.edu>
Thu 4/28/2022 10:05 AM
To: Gardner, Carolyn <gardner@kutztown.edu>

Dear Carolyn,

Thank you for reaching out.

In response to your email, I will defer to your attorney and KU's counsel in addressing my April 15th, 2022 email.

Sincerely,

**McKenzie Hollenbach, LMSW & MPA** | Mhollenb@kutztown.edu
Interim Director: Disability Services Office
**Kutztown University of Pennsylvania**
215 Stratton Administration Building | PO Box 730 | Kutztown, PA 19530
Phone: 610-683-4108 | Cell or Fax: 610-683-1520 | www.kutztown.edu

*All information from the Disability Services Office (DSO) will be sent to your Kutztown University email address.*

**DISCLAIMER This e-mail message and any files transmitted with it are intended for the use of the individual or entity to which they are addressed and may contain information that is privileged, proprietary and confidential. If you are not the intended recipient, you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this communication in error, please notify the sender and delete this e-mail message. The contents do not represent the opinion of Kutztown University except to the extent that it relates to their official business.

**From:** Gardner, Carolyn <gardner@kutztown.edu>
**Sent:** Monday, April 25, 2022 1:45 PM
**To:** Hollenbach, McKenzie <mhollenb@kutztown.edu>
**Subject:** Re: RA under ADA for Fall 2022: Request for Documentation

Hello McKenzie,

You may not be aware, although Jennifer certainly is, that I am represented by counsel in connection with KU's handling of my requests for accommodation, and my entitlement for the fall semester is one of the issues in my pending lawsuit. Obviously, any communications from KU pertaining to any of those issues have to be addressed to my attorneys. They have a lot of concerns about your 4/15 E-mail which they will be raising with KU's counsel. In the meantime, they have authorized me to provide only the attached FMLA documentation, which HR certainly has, but maybe you have not seen.

There has never been any question about my disability, and that is not why my accommodation requests have been denied. Jennifer said in her February 22nd E-mail that it was not necessary for me to provide any further information unless my medical situation had changed, and it has

Supp. App. p. 4

**Lorrie McKinley**

| | |
|---|---|
| **From:** | Lorrie McKinley |
| **Sent:** | Tuesday, April 26, 2022 1:27 PM |
| **To:** | Le, Kathy |
| **Cc:** | Ralph Lamar; Carolyn Gardner |
| **Subject:** | Carolyn Gardner and DSO 415/2022 E-mail |
| **Attachments:** | 4-25-Email to McKenzie.pdf; 2-21 Weidman.Gardner.E-mail.pdf; FMLA.03.21.21.pdf; FMLA.Fall.2021.Form and Doctor Certification.pdf; FMLA.Spring 2022.Form and Doctor Certification.pdf |

Kathy, I am making you aware of the attached E-mail sent by DSO to Carolyn Gardner on 4/15, as I presume you do not know about it, and did not authorize it. The E-mail is alarming for a number of reasons, both procedural and substantive. For one thing, Dr. Gardner's ongoing entitlement to an accommodation for the upcoming 2022 fall semester is an issue in her lawsuit, and neither HR nor DSO should be communicating with her about that except through counsel. Dr. Gardner has repeatedly made that point to Ms. Weidman, who is a named defendant. Furthermore, when Ms. Weidman asked Dr. Gardner to provide notice as to whether she would be requesting an RA for the fall semester (purportedly for purposes of "planning," although HR has nothing to do with academic planning), she specifically said that it was not necessary for her to provide any additional medical information because she had so recently done so in connection with her FMLA request.

That being the case, both the timing and the scope of the E-mail are concerning. We know from the depositions of Alexis Martin and Jennifer Weidman that only after DSO makes the eligibility determination does it transmit the RA request to HR. Here, that happened weeks before the 4/15 E-mail, so it is not just out of the ordinary, but looks far more like a discovery request related to Dr. Gardner's lawsuit than a legitimate medical inquiry related to her RA request, which DSO already has, and which HR has already conceded to be sufficient. DSO has never needed more medical documentation than that to conclude that Dr. Gardner has a qualifying disability.

I have instructed Dr. Gardner to send the limited response you will find in the first attachment, along with her FMLA paperwork, which answers most of the questions posed in the E-mail, and provides more information than either DSO or HR need for purposes of processing her fall RA request. For instance, neither the onset date of her immune-compromise/suppression or the probable duration of her condition are relevant to that request, but HR knows that she was diagnosed in December, 2020, and will be taking immune-suppressing drugs for the foreseeable future because there is no cure for her condition, and without them, she is likely to lose her sight.

DSO has no need to know about Dr. Gardner's "current treatment methods" or the names of her medications, and I have instructed her not to provide that information. The same is true for how her "daily life activities" are affected by her immune-suppression, which is irrelevant, and shows a lack of understanding about the nature of her entitlement. Dr. Gardner has a qualifying disability because her immune system, a major bodily function, is highly compromised, something that is more than adequately supported by the existing medical documentation. 42 U.S.C. §12102 (2). She is entitled to statutory coverage on that basis alone. Additionally, *and separately*, she is substantially restricted in the location and manner in which she can safely conduct work and personal activities and interact with others outside her own home, among other things, because of her significantly elevated risk for serious illness or death if she contracts Covid-19. Moreover, her vision impairment substantially impacts the major life activity of "seeing," and is independently qualifying either by itself and/or because of the immune-suppressing drugs she must use to mitigate it (which leads us back to the substantial impact on the immune system).

If the Defendants decide to challenge Dr. Gardner's disability status in the litigation, that is their right, although we think it will be a waste of everyone's time. Meanwhile, the current medical evidence more than adequately documents that she has a disability under the law, something neither DSO nor HR have never challenged, nor is that why her requests for accommodation have so far been denied.

Please let me know if you would like to discuss this any further. Otherwise, please advise DSO and HR to send any further inquiries regarding Dr. Gardner's disability status through counsel.

Lorrie

---

*Lorrie McKinley*
Lorrie McKinley, Esquire
McKinley & Ryan, LLC
238 West Miner Street
West Chester, PA 19382
(610) 436-6060
Fax: (610) 436-6804

Supp. App. p. 6