IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN GARDNER** | : CIVIL ACTION |
| | : |
| v. | : NO. 22-1034 |
| | : |
| **KUTZTOWN UNIVERSITY, et al.** | : |

## O R D E R

**AND NOW**, this 22ⁿᵈ day of August, 2022, upon consideration of Plaintiff's Motion for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Defendants' response thereto, and after hearing telephonic argument from counsel on August 18, 2022, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion [Doc. 16] is **DENIED.**

Courts apply one standard when considering whether to issue interim injunctive relief, regardless of whether a petitioner requests a temporary restraining order ("TRO") or preliminary injunction. *See Ellakkany v. Common Pleas Court of Montgomery Cnty.*, 658 Fed.Appx. 25, 27 (3d Cir. 2016) (applying one standard to a motion for both a TRO and preliminary injunction). A TRO is usually used as a means of preserving the status quo. *Hope v. Warden York County Prison*, 956 F. 3d 156, 160 (3d Cir. 2020). A "[p]reliminary injuncti[on] ... is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiff bears the burden of establishing she is "likely to succeed on the merits ...[,] likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

The first two factors are "gateway factors" and are "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017). If these gateway factors are met, a court then considers the remaining two factors. *Id*. "A plaintiff's failure to establish any element in [its] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

To succeed on her Motion, Plaintiff "must demonstrate...the probability of irreparable harm if relief is not granted." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (internal quotations omitted). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial"..."the temporary restraining order..."must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). The moving party must demonstrate that it is likely to suffer "actual or imminent harm which cannot otherwise be compensated by money damages," or it "fail[s] to sustain its substantial burden of showing irreparable harm." *Frank's GMC*, 847 F.2d at 103. The mere risk of injury is insufficient. The moving party must establish that the harm is imminent and probable. *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).

Plaintiff, a tenured professor at Kutztown University's Business School who alleges she has been placed by doctors on a long-term course of chemotherapy and other immune suppressing drugs to prevent further vision loss, rendering her at high-risk for Covid-19 if she teaches four classes in person, has not demonstrated irreparable harm.[1] She is not, as she claims, faced with a Hobson's choice of choosing between unemployment or risking physical harm or death. Defendant is permitting Plaintiff to stay at home and use her accrued paid leave during the Fall semester while this matter is litigated. During this period, Plaintiff is not facing the imminent loss of any health care benefits. If she is successful in this action, Plaintiff may seek reinstatement, back pay, the return of her paid leave, and the value of any other lost benefits or earnings.

Plaintiff's argument that she will suffer irreparable harm in the absence of a TRO is further undermined by the fact she did not file her motion for a TRO until exactly five months (August 17, 2022) after she filed her Complaint in this matter (March 17, 2022) and just 12 days before the Fall semester is scheduled to commence on August 29, 2022.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[1] As it stands now, Plaintiff is scheduled to teach four classes in person for the Fall semester. The Court notes that granting the TRO and directing the Defendants to permit Plaintiff to teach all four classes remotely would not simply preserve the status quo but instead mandate affirmative relief in the form of changes to Plaintiff's current conditions of employment.