## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN GARDNER** | : |
| Plaintiff | : CIVIL ACTION |
| | : |
| | : NO. 22-1034 |
| v. | : |
| | : |
| **KUTZTOWN UNIVERSITY**, *et al.* | : |

## PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY EMERGENCY RELIEF

As set forth in her Complaint (Doc. No. 1), Plaintiff Carolyn Gardner is a tenured Associate Professor in Kutztown University's Department of Business Administration who has a disability which places her at high-risk for serious illness or death if she contracts Covid-19. The Defendants, Kutztown University, Kenneth S. Hawkinson, Jesus Peña, and Jennifer Weidman have repeatedly denied her requests for a reasonable remote teaching accommodation in direct and intentional defiance of her rights under Section 504 of the Rehabilitation Act, 29 U.S.C. §794, thereby denying her access to the workplace because of her disability, and ultimately forcing her onto a "Leave Without Pay" ("LWOP") effective October 18, 2022. Pursuant to the attached December 6, 2022 LWOP Notice, unless she returns to work by January 24, 2022, i.e., in person and without an accommodation, Defendants intend to significantly limit her right to return at all, and will terminate her medical benefits at the stroke of midnight

Through her undersigned counsel, and for all the reasons set forth in her Complaint and the accompanying Memorandum of Law, Dr. Gardner respectfully requests that the Court enter a Temporary Restraining Order and/or other Preliminary Injunctive Relief against Defendants enjoining them from implementing the December 6, 2022 LWOP Notice, ordering them to

restore her immediately to full duty status with a remote work accommodation *pendente lite*, and to take no further action whatsoever to interfere with her medical benefits and the other emoluments of her employment without further order of the Court. Dr. Gardner has a substantial likelihood of prevailing on the merits, without temporary/preliminary injunctive relief, she will suffer and continue to suffer irreparable harm. Defendants will not be prejudiced by an order that requires them to do what the law requires, and temporary restraints and/or preliminary injunctive relief is fully in the public interest.

Respectfully Submitted:

By: *[signature]*

**LORRIE MCKINLEY, ESQUIRE**
Attorney I.D. No. 41211

**McKINLEY & RYAN, LLC**
238 West Miner Street
West Chester, PA 19382
(610) 436-6060

**RALPH E. LAMAR**
902 W. Hamilton Street, #225
Allentown, PA 18101
(610) 563-0726
ralphlamar@ymail.com

*Attorneys for Plaintiff Carolyn Gardner*

DATE: December 22, 2022



## DEPARTMENT OF HUMAN RESOURCES

HR Center – 15187 Kutztown Road
PHONE: (610) 683-1353

December 6, 2022

Carolyn L. Gardner
45 Four Farms Circle
Greensboro NC 27410

Dear Carolyn:

This letter offers additional clarification about your entitlement to benefits under your current extended leave without pay.

Your request for a full-time Family and Medical Leave Act (FMLA) absence was approved from 3/23/2021 through 10/19/2021. As of 10/20/2021, the FMLA absence entitlement was exhausted. Your absence was approved and designated as FMLA leave in accordance with provisions of the Family and Medical Leave Act (FMLA). The enclosed *Notice to Employees* was provided to you about your rights, benefits, and obligations while using FMLA Absence.

You used accrued paid leave from 10/20/2021 through 10/18/2022.

Extended leave without pay (LWOP) was approved from 10/19/2022 to 7/25/2023. As of 1/24/2023, you will have limited return to work rights if your absence continues beyond this date. Return rights are usually to a vacant position in the same or equivalent classification to which there are no seniority claims and which the university intends to fill. Refer to your *Notice to Employees* for your applicable information. If you are medically released to return to work after 1/24/2023, do **not** report to work. Instead, notify this office so that we can determine if there is a position available. If a position is not available, you will remain on extended LWOP absence until a position becomes available. If no position becomes available, your employment with the university will end at the end at the exhaustion of the extended LWOP absence entitlement at midnight on 7/25/2023.

Medical benefits and group life insurance benefits through the State System continue during the 12 weeks of an FMLA absence and the first 14 weeks of extended leave without pay, as long as the faculty member continues to pay any employee share of premiums. Your entitlement to regular CBA benefits will expire at midnight on 1/24/2023 if you remain on an Extended leave without pay at that time. Refer to the enclosed *Notice to Employees* about benefits while on a leave without pay absence.

In accordance with the Affordable Care Act, you are eligible to enroll in the State System's ACA health plan effective 1/25/2023. The ACA health plan is the Highmark PPO plan, which includes prescription drug coverage. The cost of the ACA PPO plan is not subsidized by the State System; if you elect coverage in this plan, you will be paying the full plan cost. This coverage is available for 12 weeks from 1/25/2023-4/18/2023. All eligibility for benefits entitlements ends at midnight on 4/18/2023. Should your Extended leave without pay continue, there would be no additional benefits entitlements available to you for the period 4/19/2023 through 7/23/2023.

This action does not indicate and should not be interpreted to indicate that you are regarded by the State System of Higher Education as having a disability as defined by the ADA.

15200 Kutztown Road
P.O. Box 730, Kutztown, PA 19530-0730

www.kutztown.edu
Ph: 610-683-4000 / TDD: 610-683-4499

A MEMBER OF PENNSYLVANIA'S STATE SYSTEM OF HIGHER EDUCATION

AN EQUAL OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYER AND EDUCATION PROVIDER

If you have questions, please contact Debora Longenhagen at 610-683-9124 after 12/11/22 or me at 610-683-1353 up to 12/9/22.

Sincerely,

Jennifer Weidman
Director of Human Resources

for Debora Longenhagen, FMLA Leave Coordinator

Enclosures: Designation Notice
Notice to Employees

cc: Dr. Chao
Dr. Carroll
Ms. Longenhagen
This action does not indicate and should not be interpreted to indicate that you are regarded by the State System of Higher Education as having a disability as defined by the ADA.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, December 23, 2022, a true and correct copy of the foregoing Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Emergency Relief was served upon counsel by way of the Court's ECF system as follows:

**Kevin Bradford, Esquire**
Senior Deputy Attorney General

**Melissa Media, Esquire**
Deputy Attorney General

**Pennsylvania Office of Attorney General**
Eastern Regional Office, Civil Litigation Section
1600 Arch Street, Suite 300
Philadelphia, PA 19103

**LORRIE McKINLEY, ESQUIRE**