IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLYN GARDNER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 22-1034 |
| | : | |
| **KUTZTOWN UNIVERSITY, et al.** | : | |

### PRELIMINARY INJUNCTIVE ORDER

**AND NOW**, this 23rd day of January, 2023, upon consideration of Plaintiff's Second Motion for a Temporary Restraining Order and/or Preliminary Emergency Relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and Defendants' response thereto, and after hearing telephonic argument from counsel on January 11, 2023, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion [Doc. 34] is **GRANTED** in part.

Courts apply one standard when considering whether to issue interim injunctive relief, regardless of whether a petitioner requests a temporary restraining order or preliminary injunction. *See Ellakkany v. Common Pleas Court of Montgomery Cnty.*, 658 Fed.Appx. 25, 27 (3d Cir. 2016) (applying one standard to a motion for both a TRO and preliminary injunction). A "[p]reliminary injuncti[on] ... is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiff bears the burden of establishing she is "likely to succeed on the merits ...[,] likely to suffer irreparable harm in the absence of preliminary relief, that the

1

balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

The first two factors are "gateway factors" and are "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017). If these gateway factors are met, a court then considers the remaining two factors. Id. "A plaintiff's failure to establish any element in [its] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

Plaintiff, a tenured professor at Kutztown University's Business School alleges that she has suffered from peripheral focal chorioretinal inflammation of both eyes since December 17, 2020 and has been placed by doctors on a long-term course of chemotherapy and other immune suppressing drugs to prevent further vision loss. Plaintiff contends that the regimen of immune suppressing drugs render her at high-risk for serious illness or death if she were to contract Covid-19 while teaching four classes in person at Kutztown University for the Spring Semester of 2023. She ultimately seeks the ability to teach all four classes remotely. She has been on Leave Without Pay ("LWOP") since October 19, 2022 which has been approved to last until July 25, 2023. Defendants contend Plaintiff is currently scheduled to teach four classes in person beginning on January 24, 2023 and have stated in a December 6, 2022 LWOP Notice that unless Plaintiff returns to work in person on January 24, 2023 and without Plaintiff's preferred accommodation, the Defendants will significantly limit her right to return at all and terminate her medical benefits.

1) After a careful review of the record to date, including the most recent letter from Plaintiff's treating ophthalmologist, Rajiv E. Shah, M.D., the Court finds that

at least based on the current record, Plaintiff has demonstrated a substantial likelihood of success on the merits;

2) The irreparable injury the Plaintiff faces from the planned January 24, 2023 termination of her medical benefits and the termination of her right to return as a tenured professor outweighs any injury that the Defendants will sustain as the result of the preliminary injunctive relief;

3) The balance of equities tips in the Plaintiff's favor as the Defendants will not suffer any undue burden in providing Plaintiff with her medical benefits and right to return as a tenured professor once the litigation has concluded whereas Plaintiff will suffer an undue burden were these benefits terminated on January 24, 2023; and

4) The public interest will be served by the granting of the temporary restraining order as the public has an interest in preventing disability discrimination;

**WHEREBY,** in order to preserve the status quo[1] and prevent irreparable harm to Plaintiff, **IT IS HEREBY ORDERED** that Defendants are **ENJOINED** from terminating on January 24, 2023 Plaintiff's medical and life insurance benefits or limiting her return to work rights as a tenured professor or otherwise interfering in any way with the emoluments of Plaintiff's employment at Kutztown University without further Order from the Court.

---

[1] As it stands now, Plaintiff is scheduled to teach four classes in person for the Spring semester. The Court notes that were the Court to direct, as Plaintiff requests, the Defendants to permit Plaintiff to teach all four classes remotely simply would not preserve the status quo but instead mandate affirmative relief in the form of changes to Plaintiff's current conditions of employment. Granting Plaintiff's request would also grant Plaintiff the very relief she ultimately seeks in this litigation which is still in the discovery phase.

The Court finds good cause to allow the preliminary emergency relief to expire on July 25, 2023, at 5:00 p.m., at which time Plaintiff may renew her request.

It is further **ORDERED** that the Plaintiff shall, pursuant to Fed.R.Civ.P. 65(c), post a bond in the amount of $5,000.

**BY THE COURT:**


<u>/s/ Jeffrey L. Schmehl</u>
**JEFFREY L. SCHMEHL, J.**