# McKINLEY & RYAN, LLC

*Attorneys at Law*

238 West Miner Street
West Chester, PA 19382
Tel: (610) 436-6060
Fax: (610) 436-6804

Lorrie McKinley, Esquire
lmckinley@mckinleyryan.com

Nancy Ryan, Esquire
nryan@mckinleyryan.com

January 14, 2022

Michael Ferguson, Esquire
University Legal Counsel
Pennsylvania State System of Higher Education
2986 N. 2nd Street
Harrisburg, PA 17110-1201

**Re: Dr. Carolyn Gardner/Kutztown University PA**

Dear Mr. Ferguson:

It is disappointing, to say the least, to be communicating with you again on behalf of another tenured faculty member at Kutztown University who has been denied reasonable remote work accommodations based on the same inflexible and illegal administrative policies that brought us together before, and violate the rights of covered employees under the Americans with Disabilities Act (ADA) and Section 504. There can be no denying that the University's administration and Human Resources officials well understand that their refusal to acknowledge their mandatory legal duties, much less honor them, is without legal defense or excuse. It is indeed baffling that in the face of potentially crushing liability in federal court, they have responded not by bringing their conduct into compliance with the law, but by attempting to manipulate their way around it in furtherance of the same discriminatory policies and practices that got them there in the first place. Indeed, the few disingenuous tweaks they have added to the process of denying accommodations as a matter of policy has only added to the already overwhelming evidence of intentionality and deliberate defiance of the law.

Dr. Carolyn Gardner is a tenured professor in KU's College of Business who teaches, among other things, upper level courses in Human Resource Management, Gender and Diversity, and Business Ethics. Due to a serious visual impairment, she is on heavy daily doses of immune suppressing medication, without which she faces grave risk of losing her sight. Her doctors have stated without qualification that because of her immune-suppression, she is at high risk for contracting Covid-19 and suffering severe symptoms of illness. Therefore, they have recommended that she work remotely. During the past several years, Dr. Gardner has taught all of her courses in remote formats.

CG-57

Letter to Michael Ferguson, Esquire
January 14, 2022
Page 2

    Professor Gardner requested a remote work accommodation for the fall semester. Specifically, she asked to teach synchronously, meaning that her students would be in the classroom, while she would appear remotely. Likewise, she asked to hold her office hours online. Both of these requests were denied on the same form letter the Human Resources office used for the other professors who requested similar accommodations, using the same inapplicable "fundamental alteration" standard. Not only does this show a complete lack of individualized assessment, but it is a clear misrepresentation of the law. As you know, employers are required to provide reasonable accommodations to covered employees unless the request would constitute an undue hardship, i.e., significant difficulty or expense. Dr. Gardner's request to teach her courses synchronously would impose no such burden. Indeed, that was not why KU denied it. Even before she received notice of the denial, she was told multiple times by Human Resources personnel that would be the likely result. Likewise, she would be almost certainly not be eligible for a restoration to health sabbatical. Therefore, she was instructed to apply for FMLA. There was no interactive process to consider her request for accommodation. After her request was denied, she had to use FMLA time to cover 75% of her schedule to avoid being placed in an unpaid and inactive work status. Forcing an employee onto an FMLA leave she does not need and did not request is not a defense to an ADA violation, but constitutes an adverse employment action.

    For the spring semester, Dr. Gardner again requested to teach her courses synchronously and conduct her office hours online. Yesterday, both of those requests were denied for the same reasons they were denied before, that it would constitute a "fundamental alteration" in course delivery and manner in which office hours are normally conducted as "expected from our students." Meanwhile, Human Resources has instructed her to initiate an FMLA request by today. The only accommodation KU offered was a plexi-glass barrier in her classroom. That is no accommodation at all, much less an effective one. Among other things, Covid virus is airborne, and a plexiglass screen offers almost no protection from aerosol transmission. Indeed, the scientific evidence suggests that teaching in that type of confined space would be more dangerous than teaching without it. Furthermore, Dr. Gardner would have to navigate the campus and its buildings amid large numbers of people, thereby exposing herself to the virus at a time when it is rampantly moving through the population, and can be spread by even minimal contact with an infected person. Given her immune-compromise, any such infection could have dire consequences for her, none of which should she have to risk because she can fulfill all of her professional obligations by working remotely, without imposing any hardship at all on the University. Furthermore, student expectations are not relevant to her right to reasonable accommodation. The burden for providing reasonable accommodations falls on the University, and "customer preference" is not a defense.

    There are two interesting differences in how Professor Gardner's accommodation request was handled this time around. First, she received a letter from DSO inviting her to an interactive meeting to "gather information" and "discuss what would be an effective accommodation." At no time during that meeting was Dr. Gardner informed that her request was in any way unreasonable. Furthermore, there

was no discussion about an alternative accommodation that would have her teaching in-person at all, much less behind a useless plexi-glass shield. The duty to conduct an interactive process requires more than a venue for the employee to articulate her request when the real discussion about her accommodation is reasonable or feasible takes place somewhere else without her. A sham interactive process doesn't count. *C.f.,* 29 C.F.R. § 1630.2(o)(3).

Second, the new denial form contains language that was not there before indicating that "in-person teaching is an essential function of your job." The essential function of Professor Gardner's job, like every other professor, is teaching, scholarship, and service. The unilateral imposition of this new language does not make teaching in-person an essential function. There is nothing in Kutztown's personnel policies or the union contract to support that statement. Indeed, Professor Gardner has worked remotely in the past, having frequently taught her courses online, not to mention during the Covid-19 shutdown and the 2020-21 school year when at least 60% of the professors taught their classes remotely and performed all their other duties online. Furthermore, there is an "Interim Agreement Regarding Distance Education" in place for the 2021-22 school year between the union and PASSHE and the AFSCUF which provides for the conversion of course modalities "in order to address the unique circumstances presented by the ongoing Covid-19 pandemic, and to mitigate the spread of Covid-19 on campus by facilitating expansion of online instruction." Accordingly, it provides for changing course modalities to remote formats with approval from administration during the current school year. That agreement is binding on KU and cannot be undermined by a policy-driven language change in a form letter designed to deny a reasonable accommodation to an eligible employee.

Different treatment "is the essence of reasonable accommodation". *McWright v. Alexander,* 982 F. 2d 222, 227 (7th Cir. 1992).[1] Thus, the way things are usually done, or what students might expect in the ordinary course of things misses the point, and is not a defense to an accommodation claim. The EEOC made it clear long before the pandemic that remote work options must be considered as potential accommodations for employees who need them that cannot be dismissed out of hand as a matter of institutional policy. Moreover, the CDC's Guidance for Institutions of Higher Education clearly state that recommend "options for accommodations, modifications, and assistance to students, faculty, and staff at increased risk for severe illness that limit their exposure to risk and allow for education and or work opportunities (such as virtual learning, telework, and modified job Letter to

---

[1] *See also Holly v. Clairson Industries, LLC,* 2007 U.S. App. LEXIS 17151 (11th Cir. July 19, 2007)(the very purposes of reasonable accommodation laws is to *require* employers to treat disabled individuals differently in some circumstances – namely, when different treatment would allow a disabled individual to perform the essential functions of his position by accommodating his disability without posing an undue hardship on the employer.

Michael Ferguson, Esquire
January 14, 2022
Page 4

responsibilities).[2] That guidance was issued specifically because teaching in-person requires professors who are at-risk for Covid infection and correspondingly higher risk for serious illness or death to do exactly what they should not be doing to protect their own health, as well as the public health.

I hope you will agree that it would be a poor use of everyone's time and resources to litigate another case involving the same issues already pending in federal court in at least one case already. KU's blanket policy to deny accommodations to high-risk individuals such as Professor Gardner stands in direct contradiction to federal civil rights protections that are in no way optional, not to mention a specific condition precedent for receiving extensive federal funding. Likewise, it contravenes public policy to deny covered employees accommodations during a pandemic which are necessary to protect them from serious illness or death. KU's blanket in-person teaching requirement essentially proclaims that high-risk faculty cannot work here. There is no legal defense to that. To the contrary, it is direct evidence of intentional disability discrimination, and constitutes a *per se* violation of the ADA and Section 504.

Settlement Discussions

Please let me know how you would like to proceed by no later than Wednesday, January 19, 2022. If we do not hear from you, we expect to file her lawsuit by the end of the week.

Very truly yours,

LORRIE McKINLEY

cc: Dr. Carolyn Gardner

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/community/colleges-universities/considerations.html#section3. *See also* CDC, "Covid-19: People with Serious Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

CG-60