# Lorrie McKinley

**From:** Lorrie McKinley
**Sent:** Tuesday, April 26, 2022 1:27 PM
**To:** Le, Kathy
**Cc:** Ralph Lamar; Carolyn Gardner
**Subject:** Carolyn Gardner and DSO 415/2022 E-mail
**Attachments:** 4-25-Email to McKenzie.pdf; 2-21 Weidman.Gardner.E-mail.pdf; FMLA.03.21.21.pdf; FMLA.Fall.2021.Form and Doctor Certification.pdf; FMLA.Spring 2022.Form and Doctor Certification.pdf

Kathy, I am making you aware of the attached E-mail sent by DSO to Carolyn Gardner on 4/15, as I presume you do not know about it, and did not authorize it. The E-mail is alarming for a number of reasons, both procedural and substantive. For one thing, Dr. Gardner's ongoing entitlement to an accommodation for the upcoming 2022 fall semester is an issue in her lawsuit, and neither HR nor DSO should be communicating with her about that except through counsel. Dr. Gardner has repeatedly made that point to Ms. Weidman, who is a named defendant. Furthermore, when Ms. Weidman asked Dr. Gardner to provide notice as to whether she would be requesting an RA for the fall semester (purportedly for purposes of "planning," although HR has nothing to do with academic planning), she specifically said that it was not necessary for her to provide any additional medical information because she had so recently done so in connection with her FMLA request.

That being the case, both the timing and the scope of the E-mail are concerning. We know from the depositions of Alexis Martin and Jennifer Weidman that only after DSO makes the eligibility determination does it transmit the RA request to HR. Here, that happened weeks before the 4/15 E-mail, so it is not just out of the ordinary, but looks far more like a discovery request related to Dr. Gardner's lawsuit than a legitimate medical inquiry related to her RA request, which DSO already has, and which HR has already conceded to be sufficient. DSO has never needed more medical documentation than that to conclude that Dr. Gardner has a qualifying disability.

I have instructed Dr. Gardner to send the limited response you will find in the first attachment, along with her FMLA paperwork, which answers most of the questions posed in the E-mail, and provides more information than either DSO or HR need for purposes of processing her fall RA request. For instance, neither the onset date of her immune-compromise/suppression or the probable duration of her condition are relevant to that request, but HR knows that she was diagnosed in December, 2020, and will be taking immune-suppressing drugs for the foreseeable future because there is no cure for her condition, and without them, she is likely to lose her sight.

DSO has no need to know about Dr. Gardner's "current treatment methods" or the names of her medications, and I have instructed her not to provide that information. The same is true for how her "daily life activities" are affected by her immune-suppression, which is irrelevant, and shows a lack of understanding about the nature of her entitlement. Dr. Gardner has a qualifying disability because her immune system, a major bodily function, is highly compromised, something that is more than adequately supported by the existing medical documentation. 42 U.S.C. §12102 (2). She is entitled to statutory coverage on that basis alone. Additionally, *and separately*, she is substantially restricted in the location and manner in which she can safely conduct work and personal activities and interact with others outside her own home, among other things, because of her significantly elevated risk for serious illness or death if she contracts Covid-19. Moreover, her vision impairment substantially impacts the major life activity of "seeing," and is independently qualifying either by itself and/or because of the immune-suppressing drugs she must use to mitigate it (which leads us back to the substantial impact on the immune system).

CG-113

If the Defendants decide to challenge Dr. Gardner's disability status in the litigation, that is their right, although we think it will be a waste of everyone's time. Meanwhile, the current medical evidence more than adequately documents that she has a disability under the law, something neither DSO nor HR have never challenged, nor is that why her requests for accommodation have so far been denied.

Please let me know if you would like to discuss this any further. Otherwise, please advise DSO and HR to send any further inquiries regarding Dr. Gardner's disability status through counsel.

Lorrie

-------------------------------------------------------

*Lorrie McKinley*
Lorrie McKinley, Esquire
McKinley & Ryan, LLC
238 West Miner Street
West Chester, PA  19382
(610) 436-6060
Fax:  (610) 436-6804

CG-114