**From:** Lorrie McKinley <LMcKinley@mckinleyryan.com>
**Sent:** Monday, April 3, 2023 2:00 PM
**To:** Medina, Melissa <mmedina@attorneygeneral.gov>
**Cc:** Lorrie McKinley <LMcKinley@mckinleyryan.com>; Ralph Lamar <ralphlamar@ymail.com>
**Subject:** RE: [ EXTERNAL ] FW: Gardner - Fall '23 semester

Melissa,

One thing we can agree about is that further back-and-forth, as you put it, does not seem like a productive use of our time given KU's unilateral decision to schedule Dr. Gardner for 4 in-person classes for the fall semester, knowing that under current circumstances she needs a remote accommodation, and that "the accommodation" in the "special classroom," which her doctor has specifically said is not an effective one, is therefore not a reasonable accommodation even under KU's own policy, much less federal and state law. For all the reasons I explained below, your communications provide further evidence of intentional discrimination and retaliation. That is particularly so given the procedural status of the case, including but not limited to the fact that Dr. Gardner's request for injunctive relief for the fall semester is before the court, and is very likely to be decided before the beginning of the fall semester.

Lorrie

**From:** Medina, Melissa <mmedina@attorneygeneral.gov>
**Sent:** Tuesday, March 21, 2023 4:08 PM
**To:** Lorrie McKinley <LMcKinley@mckinleyryan.com>
**Cc:** Bradford, Kevin <kbradford@attorneygeneral.gov>; Ralph Lamar <ralphlamar@ymail.com>
**Subject:** RE: [ EXTERNAL ] FW: Gardner - Fall '23 semester

Lorrie:

I don't want to engage in a back-and-forth regarding our arguments on the merits of Gardner's case. I also don't want to engage in back-and-forth paraphrasing of the doctor's deposition testimony. At this point, I simply wanted to establish your client's position with regard to the Fall '23 semester so that my client can plan appropriately. The University has scheduled Gardner for 4 in person courses for the Fall semester. That is KU's prerogative and there is no requirement that Gardner or any other faculty member be consulted when creating schedules, or that a faculty member would be able to demand a certain course schedule for themselves. The CBA is very clear on that. Gardner remains on leave currently and has given no indication she will return in person to teach her assigned courses.

Unless the University receives written notification from Gardner that she will be coming off leave for the Fall '23 semester and will be teaching her assigned courses in person, The University will proceed with the understanding that Gardner will remain on leave for the duration of the Fall '23 semester. For planning purposes, this written notification must be provided to the University by April 1.

As previously stated, the offer remains for Gardner to teach in person in the special classroom with all the mitigation measures as outlined in the last accommodation resolution form.

Thank you,

Melissa

**From:** Lorrie McKinley <LMcKinley@mckinleyryan.com>
**Sent:** Thursday, March 16, 2023 4:09 PM
**To:** Medina, Melissa <mmedina@attorneygeneral.gov>
**Cc:** Bradford, Kevin <kbradford@attorneygeneral.gov>; Ralph Lamar <ralphlamar@ymail.com>
**Subject:** [ EXTERNAL ] FW: Gardner - Fall '23 semester

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Melissa, I have spoken with Dr. Gardner about this.

Here is the thing: Dr. Gardner has never said she would never return to teach under any circumstances – what she and her doctor have said is that she cannot return to in-person teaching while there is a significant risk that she will contract Covid based on the status of the pandemic and the prevalence of community contagion. We all hope and expect that situation will not be permanent, and when it is safe for her to return to campus, she will do it. We are not there yet. Not only do we not know what the Covid situation will be more than 5 months from now, but we cannot predict what the status of the litigation might be by then either. We agree with you that it makes no sense to continue requesting accommodations KU has consistently stated, as you do twice in your E-mail, it will never provide. Practically speaking, that is a waste of everyone's time. From a legal perspective, Dr. Gardner is on extended full-time leave not because KU granted her request, but because the Court issued a TRO that precluded it from moving forward with its plans for termination on the ground that she had used all of her allotted LWOP, something that happened only because it refused to provide her with a remote work accommodation. She would have been happy to accept at least a part-time remote teaching schedule

for the fall, but because of her employment status, that is not something she thought she could request, and no one from the University ever reached out to her to discuss it before unilaterally scheduling her for 4 in-person classes.

I really do not want to belabor how we got here, but I certainly dispute that the "last minute" decisions about Dr. Gardner's teaching schedule have been her fault. That being said, it is premature for KU to demand that she commit right now to a full-time leave status for the fall semester. Let's assume for purposes of this conversation that she will need a full-time remote accommodation, something KU will not voluntarily provide her, but which the Court could very well impose by the end of the summer. We have no way of knowing that right now, but it is certainly within the realm of possibility that the case might be concluded by then, at least with regard to the failure to accommodate claim. If Dr. Gardner prevails, she would be entitled to return to work with a synchronous accommodation, and we certainly expect that her classes will be there for her to teach. If the entire case is still pending by the end of July, we may have to renew the TRO, but in the meantime, or in the alternative, she is certainly willing to discuss the possibility of a modification to the TRO, or an agreement *pendent lite* that would allow her to teach two of her classes remotely. The TRO does not envision a part-time accommodation because when we filed it, she was slated for termination, and no part-time option was available to her. In fact, before I filed the TRO, I specifically asked that something like that be considered as an alternative to the request for a full-time extended leave, but KU refused to do that. Furthermore, the justification the Dean provided during her deposition for denying Dr. Gardner even one online course last year was the 6% cap, which we will no longer be in place this coming fall. We certainly do not agree that that cap or any other is a defensible basis for denying a remote work accommodation to Dr. Gardner, or anyone else in her situation, but the practical fact that the Department will have more latitude in course scheduling across modalities in general lends itself to a conversation that could allow her to teach at some of her classes in a synchronous format. That would certainly reduce whatever concerns the Dean has about her uncertain status for the fall. Obviously, the uncertainty could be eliminated entirely if KU would consider an agreement *pendente lite* like the one we have in Dr. Oross's case.

Please give me a call if you would like to discuss this further. I think there should be room for flexibility and compromise, something that would benefit both the University and Dr. Gardner. You can let me know if the University thinks otherwise.

Lorrie

--------------------------------------------------------------

Lorrie McKinley

Lorrie McKinley, Esquire

McKinley & Ryan, LLC

238 West Miner Street

West Chester, PA  19382

(610) 436-6060

Fax:  (610) 436-6804


**From:** Medina, Melissa
**Sent:** Tuesday, March 7, 2023 12:28 PM
**To:** 'Lorrie McKinley' <LMcKinley@mckinleyryan.com>
**Cc:** Ralph Lamar <ralphlamar@ymail.com>; Bradford, Kevin <kbradford@attorneygeneral.gov>
**Subject:** Gardner - Fall '23 semester


Lorrie:


I am reaching out regarding Dr. Gardner's situation for the Fall 2023 semester. As you know, upon resolution of her last ADA accommodation request, your client requested that her leave without pay be extended (see resolution form). As of now, in KU's system, Gardner is on leave, indefinitely. I understand that your client's position is that she cannot return to teach in person at KU under any circumstances. I have been informed by the dean that Gardner has been scheduled to teach all her courses in person for the Fall 2023 semester. Given that fact, her position regarding in-person teaching, and her leave status, I am assuming Gardner will be on leave for the upcoming semester. Can you please confirm this, as soon as possible? The dean would like to avoid running into the same problem that recurs every semester, wherein decisions regarding Gardner's courses are left to the last minute, making things very complicated logistically. We are hoping to streamline this process and avoid the back and forth, since clearly there is no accommodation your client will accept short of a full-time remote work accommodation, and clearly this is not something our client is willing to give her. We would expect that neither side will hold it against the other that there was no accommodation formally/officially requested or offered for this semester. I think it is clear where both sides stand on the matter and it is in everyone's best interests to dispense with the formalities of submitting the accommodation request to achieve the same result as all prior semesters. Of course, our offer still stands for your client to teach in person with the mitigation measures previously offered by KU last semester. We are also assuming/willing to stipulate that your client still wishes to receive a fully remote accommodation, which we are still not willing to offer.


Please advise as to your client's plan for the Fall 2023 semester, as soon as possible, but **no later than next Tuesday, March 14.**


Thanks,

**Melissa Medina**

Deputy Attorney General

Pennsylvania Office of Attorney General

Eastern Regional Office, Civil Litigation Section

1600 Arch Street, Suite 300

Philadelphia, PA 19103

Direct Dial: (610) 674-3378

Fax: (717) 772-4526

mzeigler@attorneygeneral.gov