IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN GARDNER** | : CIVIL ACTION |
| | : |
| v. | : NO.  22-1034 |
| | : |
| **KUTZTOWN UNIVERSITY, et al.** | : |

**FINAL JUDGMENT**

**AND NOW**, this 21st day of January, 2025, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for a Final Order [Doc. 92] is **GRANTED** in part and **DENIED** in part as follows:

Plaintiff is awarded the following economic relief as agreed to by the parties:

1. Back Pay in the amount of **$158,605.35.**

2. Retroactive Employer Contributions to Plaintiff's Retirement Fund to October 18, 2022 in the amount of **$14,779.35.**

3. Payment for Lost Value to Retirement Account in the amount of **$1,590.38** which is calculated through July 6, 2024, plus additional payment using the same calculation up to the date of this Order.

4. Retroactive Seniority and/or Restoration of Years of Service from 10/18/2022-3/18/2024.

5. Restoration of 166.3 days of Sick Leave.

6. Restoration of 7 days of Paid Time Off Leave.

    7. Plaintiff shall be fully eligible for FMLA leave for Academic Year 2024-25.

As agreed to by the parties, the statutory interest on the back pay award of $158,605.35 shall be calculated as follows:

Pursuant to 41 P.S. §202, at a rate of 6%, and compounded yearly, from September 1, 2021 through the date of this Order, estimated to be **$21,809.19.**

Plaintiff's request for an additional award of $1725.72 in statutory interest based on "income interruption" arising from Plaintiff returning to work on March 18, 2024 and not receiving her first paycheck until June 14, 2024 is **DENIED**.

Plaintiff's request for an additional award of $7,327.51 to compensate her for "fees and interest for consolidation of credit card debt", "refinance expenses and interest on loan from retirement account" and "capitalized interest on a student loan" is **DENIED**.

In addition, in view of the fact that Plaintiff is still teaching at Kutztown University and many of the named Defendants and other individuals involved in the actions which gave rise to this suit are still employed in their same positions by Kutztown University, and in view of the fact that Defendants continue to insist, even after the Court issued its ruling on the parties' motions for summary judgment [Docs. 79 and 80], that none of their actions in this case violated Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and subsequently even requested the Court's immediate recusal, the Court finds that Plaintiff has demonstrated that there is a real and immediate threat that Defendants will deny any future request by Plaintiff for remote teaching

accommodations. Accordingly, Plaintiff is awarded the following declaratory and injunctive relief as prayed for in her Complaint:

1. The Court declares that Defendants' refusal to provide Plaintiff with a reasonable work accommodation pursuant to its policies and practices precluding remote work accommodation as a matter of general policy without considering Plaintiff's individual circumstances, constituted discrimination against her because of her disabilities under Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

2. The Court further declares that Defendants' actions against Plaintiff constituted intentional discrimination and/or interference with her rights in violation of Section 504 and denied her equal terms and conditions of employment because of her disability.

3. Defendants shall rescind its no-remote work accommodations rule, policy and/or practice pursuant to which it has denied remote accommodations to faculty as a matter of institutional policy that **any** request to change the course modality from in-person to remote would be considered a substantial alteration to the course offerings and would represent an undue hardship to the University. Instead, Defendants must adhere to the requirements of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act and EEOC Regulations that any decision to grant or deny remote accommodations must be based on individualized circumstances unless Defendants can produce individualized evidence that such accommodation

would constitute an undue hardship to the University as defined by those statutory terms.

4. Defendants shall provide Plaintiff with a modified classroom to mitigate her enhanced risk of infection resulting from her disabilities in relation to faculty without such disabilities, unless or until she requests otherwise, and without any further obligation on her part to submit a request for such accommodation to Human Relations.

5. Plaintiff shall provide Defendants with an updated medical report and recommendation from her medical provider every March and September concerning her ongoing need for this accommodation.

6. Defendants shall provide Plaintiff, at her request, with remote access to College, Departmental, and/or Faculty Meetings and other congregate events.

7. In the event Plaintiff's medical provider believes that is unsafe for Plaintiff to teach on campus due to her disability, and upon provision of medical documentation to that effect, Defendants shall provide Plaintiff with a remote and/or hybrid work accommodation in accordance with the recommendation of her medical provider until he/she deems it medically safe for Plaintiff to return to a congregate, on-campus teaching environment.

The Clerk shall mark this case as **TERMINATED** for statistical purposes.

The Court will retain jurisdiction over this matter for a period of 24 months, at the expiration of which the Court will consider whether to retain jurisdiction for an additional period of time.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**