## *CURRICULUM VITAE*
## LORALYN McKINLEY

238 West Miner Street
West Chester, PA 19382
(610) 436-6060
E-mail: lmckinley@mckinleyryan.com

**PROFESSIONAL EMPLOYMENT**

*McKINLEY & RYAN, LLC*
West Chester, PA 19382
1997-present

Founding partner of a civil rights law firm which focuses primarily on the representation of people with disabilities in education and employment matters in federal and state court and administrative proceedings.

*COMMUNITY LEGAL SERVICES, INC.*
Philadelphia, PA 19107

**Project Head**, Employment Law Project, 1992-1997
**Staff Attorney**, 1984-1987
**Student Intern**, 1982-1984

As Project Head, I was part of CLS's management team. I directly supervised and trained all CLS attorneys and paralegals working in the area of employment law. I also chaired the Attorneys Fees Committee which involved supervising and participating in all litigation regarding fee-shifting claims under federal law and participating in fee surveys to establish market rates for CLS attorneys.

Both as Project Head and Staff Attorney I represented low-income clients with employment and other civil rights problems at all levels of the federal and state administrative and judicial systems. In federal court I handled a wide range of individual employment discrimination cases as well as class actions pursuant to, *inter alia*, the Americans with Disabilities Act (ADA), Sections 501 and 504 of the Rehabilitation Act, Title VII, Pennsylvania Human Relations Act, the Pennsylvania and Philadelphia Civil Service Acts, the Pennsylvania Unemployment Compensation Act, and the Pennsylvania Workers Compensation Act. I also handled cases involving other civil rights issues including, among others, special education and guardianship proceedings.

*UNIVERSITY OF PENNSYLVANIA LAW SCHOOL*
Clinical Lecturer\Supervisor, 1987-1992

I taught Civil Practice and supervised second and third-year law students in the Penn Legal Assistance Office, a live client clinical program which represents indigent clients in a variety of civil matters including family law, public benefits, disability rights, employment law, and special education law. I also supervised students in local and out of town externships, as well

1

as major research assignments to fulfill law school writing requirements. I participated in the Law School's Public Service Committee which provided advice and recommendations to the Dean on the law school's public interest scholarship program and loan forgiveness program.

*VILLANOVA UNIVERSITY SCHOOL OF LAW*
Adjunct Lecturer in Law, 1997-2003
Taught upper level course in Pre-trial Process

## EDUCATION

**Temple University School of Law**
Philadelphia, PA 19122
J.D. Conferred May, 1984

**The Pennsylvania State University**
University Park, PA 16802
B.S. Conferred August, 1979

## HONORS AND AWARDS

Justice William J. Brennan, Jr. Award for outstanding service to the indigent, 1991.

Legal Leadership Award from the Philadelphia Area Project on Occupational Safety and Health (PhilaPOSH), 1998

College of Labor and Employment Lawyers, elected 2005

Best Lawyers In America, elected 2006 - present

Super Lawyers, elected 2012-present

## PROFESSIONAL ACTIVITIES

**National Employment Lawyers Association,** 1995-present.

**Plaintiffs' Employment Panel for The Eastern District of Pennsylvania**
Coordinator, 1997-2011. This is a Court sponsored attorney panel which provides appointed counsel to indigent *pro se* litigants in federal court. As Coordinator, I managed the program, planned and conducted an annual seminar for panel participants, served as a trainer on disability rights issues and attorneys fees, and provided support and consultation to volunteer attorneys handling Panel cases. Between approximately 1987 and 2011 I accepted multiple court appointments to represent *pro se* litigants through the Panel.

2

**Philadelphia Bar Association**

**Leadership Positions:**
**Public Interest Section, Executive Committee,** Secretary 1995-1996
**Public Interest Section Delegate to the Board of Governors,** 1996
**Public Interest Section, Chair-Elect,** 1997
**Public Interest Section, Chair,** 1998
**Persons with Disabilities Committee,** Co-Chair, 1995
**Legislative Committee,** 1993-1997
**Exceptional Childrens' Committee, Member,** 1993-2005

**Pennsylvania Unemployment Compensation Task Force,** 1992-96

**National Employment Law Task Force,** 1992-96

**Mental Health Association of Southeastern Pennsylvania**
Member, Board of Directors 1997-2000

**MARC Advocacy Services**
Member, Advocacy Board, 2009-2012

SELECTED PROFESSIONAL PRESENTATIONS

**High Functioning Autism, Social Communication and Transition,** Pennsylvania Bar Institute Exceptional Children's Conference, Lancaster, PA October 8, 2018

**Using Document Requests and Requests for Admission to Demonstrate the Employer's Failure to Engage in the Interactive Process,** National Employment Lawyers Association, San Antonio, TX, June 22, 2017.

**Defeating Summary Judgment in ADA and FMLA Claims,** National Employment Lawyers Association, Cincinnati, OH, October 13, 2016

**504 Plans Reviews and Reevaluations: Legal Best Practices, Manifestation Determination Review, and Discipline and Expulsion,** National Business Institute, Wilmington, DE, December 6, 2016

**Advanced Issues That Arise During a Due Process Hearing,** PBI Exceptional Childrens' Conference, Lancaster, PA, October 26, 2015

**Accommodating Employees with Mental Disabilities,** National Employment Lawyers Annual Convention, Atlanta, GA June 24-27, 2015

**The Juxtaposition Between Mental Health and FAPE,** 43rd Annual Special Education Conference, Lehigh University, May 8, 2015

3

**New Marijuana Laws and Their Impact on Work, Take a Deep Breath, and Hold It – Updating the Buzz on this Hot Topic,** PBI Employment Law Institute, Philadelphia, PA, April 28-29, 2015 and February 10, 2016

**Preparing for the Due Process Hearing,** PBI seminar on "The Due Process Hearing", Philadelphia, PA, March 10, 2015

**Transition and Beyond,** PBI Autism Conference, Mechanicsburg, PA, June 18, 2013

**Legal Guidance on Social Media, Bullying, and the School Setting,** 41st Annual Lehigh Special Education Law Conference, Lehigh University, May 10, 2013

**The Changing Role of the Vocational Expert in ADA Litigation,** National Employment Lawyers Association, Boston, MA July, 2013

**Nuts and Bolts of Federal Litigation,** Pennsylvania Bar Institute, October 17, 2011

**Attorneys Fees In Civil Rights Litigation, Statutory Guidelines, and Legislative History,** Pennsylvania Bar Institute, December, 2010

**Motion Practice in Special Education Proceedings,** Pennsylvania Bar Institute, October 23, 2009

**Building a Bridge to Success: Planning for the Transition from School to Work,** Special Education 37th Annual Special Education Law Conference, May 8, 2009

**ADA Amendments Act of 2008 and the Dramatic Expansion of the ADA,** ALI-ABA, November 21, 2008

**New Law: ADA Amendments Act of 2008,** ALI-ABA, October 14, 2008

**"Regarded As" Disability Cases Under the ADA: Before and After the Amendments:** ALI-ABA, August 4, 2008

**Exceptional Children's Conference: Least Restrictive Alternative Update,** Pennsylvania Bar Institute, September, 29, 2006

**Section 504 vs. The IDEA in Pennsylvania,** Lorman Institute, February 22, 2006

**Psychology of Settlement: Preserving the Attorney-Client Relationship and Preventing Irreconcilable Differences,** Pennsylvania Bar Institute, December 2, 2005

**Using Vocational Expert Testimony in an ADA Case,** Pennsylvania Bar Institute, December, 12, 2004

4

**No Child Left Behind,** 31st Special Education Law Conference, May 14, 2004

**Psychological Counseling as a Related Service Under the IDEA and Section 504 of the Rehabilitation Act,** 32nd Special Education Law Conference, May 14, 2005 (Lehigh Univ.)

**Litigating Employment Discrimination Cases: Ethical Implications in Representing the Difficult Client,** Pennsylvania Bar Institute, December 12, 2003

**The Right to Special Education Supports and Services Under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act,** National Business Institute, November 17, 2003

**Litigating Employment Discrimination Cases: Ethical Considerations for Employment Lawyers on Pre-Employment Inquiries Under the Americans with Disabilities Act,** Pennsylvania Bar Institute, December 6, 2002

**Exceptional Children Conference: Litigating Special Education Claims in Federal Court Pursuant to Section 1983,** Pennsylvania Bar Institute, September 13, 2002

**Offensive Use of Summary Judgment by Plaintiffs in Cases Brought Pursuant to the Americans with Disabilities Act,** National Employment Lawyers Association, February 23, 2002

**ADA Update: Reasonable Accommodations Under Title I of the ADA,** Pennsylvania Bar Institute, January 29, 2002

**Public Interest Law Day:** *Attorneys Fees – Soup to Nuts*, Pennsylvania Bar Institute, June 21, 2001

**SSD, FMLA, & the ADA: What Workers' Compensation and Personal Injury Lawyers Need to Know – Workplace Accommodations and Light Duty Rules,** Pennsylvania Bar Institute, May 15, 2001

**Trial of an ADA Case,** Pennsylvania Bar Institute, June 14, 1999

**Sexual Harassment Update,** Pennsylvania Bar Institute, 1998

**Effect of** *Sullivan v. Barnett* **on Workers' Compensation in Pennsylvania,** Pennsylvania Trial Lawyers Association, October, 1997

**Litigating Employment Discrimination Cases: Collateral Estoppel and Judicial Estoppel in Discrimination Cases,** December 1997

**The Trial of a Sexual Harassment Case,** The Pennsylvania Bar Institute, July 25, 1997

**Private Practice, Public Profession: Advanced Federal Civil Procedure – Scope of Discovery Practice,** Pennsylvania Bar Institute, April 1997

5

**Public Interest Law Update: Attorneys Fees,** Philadelphia Bar Education Center, April 15, 1996

**Litigating Employment Discrimination Claims: Attorney's Fees,** Plaintiff's Employment Panel and Philadelphia Bar Education Center, December 1, 2005

**The Unemployment Compensation Profiling Program,** Pennsylvania Legal Services Employment/Unemployment Compensation Continuing Legal Education Training and Task Force Meeting, November 16, 1995

**Public Interest Law Update 1995: Local Trends in Attorney's Fees Litigation,** Philadelphia Bar Education Center and Community Legal Services, Inc., April 25, 1995

**Education and the Child with Disabilities: Psychological Testing and the Role of Experts,** Philadelphia Bar Association, October 7, 1994

**Advocating for Students in School Disciplinary Proceedings: Discipline of Special Education Students,** Philadelphia Bar Association, September 21, 1994

**Recent Developments in Non-UC Employment Law,** Pennsylvania Legal Services Employment Task Force Annual Roundtable, May 18, 1994

**Guardianship in Pennsylvania: A Practical Approach to Accessing the System and Defending Individual Rights,** Philadelphia Bar Association, May 17, 1994

**Remedies and Attorney's Fees in Civil Rights Cases: Substantive and Ethical Considerations,** Philadelphia Bar Association, April 21, 1994 and December 2, 1994

**Update of Recent AA/EEO Court Cases,** Pennsylvania Legal Services Affirmative Action Council, April 4, 1994

**Ethical Problems in Serving Special Needs Populations,** Philadelphia Bar Association, November 8, 1994

**Guardianship: A Primer,** Philadelphia Bar Association, December 1, 1994

**Americans With Disabilities Act Update,** Plaintiff's Employment Panel Educational Program, December 10, 1993

**Special Education: Due Process or Mediation?,** National Federation of the Blind, November 12, 1993

**Rights of Access to Public Accommodation and Public Transportation Under the Americans with Disabilities Act,** National Federation of the Blind Human Rights Seminar, November 9, 1990

Case 5:22-cv-01034-JLS    Document 102-4    Filed 02/05/25    Page 7 of 17

**Current Caselaw and the Rights of the Disabled Under the Rehabilitation Act**, National Federation of the Blind Regional Conference, April 22, 1989

**Substance Abuse: Equal Employment Ramifications and Controversies**, Philadelphia Commission on Human Relations 1987 Update Conference, June 19, 1987

## SELECTED SAMPLE OF LITIGATION HISTORY

I have litigated many dozens of cases over the years in both federal and state court. The following list is far from complete, and it is not limited to the cases I have won, but it highlights the broad nature of my litigation experience over the course of my career and the kinds of legal issues I have tried to effect with my advocacy, both substantively and procedurally, for the benefit of my own clients and for purposes of developing the law.

**Constitutional Litigation - Class Action and Individual - Federal Court**

> *American Manufacturer's Mutual v. Sullivan*, 526 U.S. 40 (1999). Lead counsel in this bilateral class action against the Commonwealth and private workers' compensation insurers challenging the constitutionality of an automatic supersedeas provision in the Pennsylvania Workers' Compensation Act involving medical benefits. The Third Circuit invalidated the provision on due process grounds and held that private insurers implementing the law were state actors. *Sullivan v. Barnett*, 139 F.3d 158 (3rd Cir. 1998). After the Court denied a stay, the Commonwealth amended the law to provide some pre-termination process. The private insurers petitioned for *certiorari* on the ground that they were not state actors. The Supreme Court reversed on that issue, and held that the law, as it had been amended after the Third Circuit's decision, contained sufficient procedural protections to satisfy due process.[1]

> *Avery v. City of Philadelphia*, No. 92-CV-6204. Co-counsel in a Title VII class action challenging the City's use of an unvalidated and non-standardized psychological examination to select police candidates which disparately impacted black applicants. The case was resolved through a Consent Decree which required the City to modify its selection procedures and provide other prospective class-wide relief.

> *Baksalary v. Smith*, -- After the district court invalidated the automatic supersedeas provision (regarding wage replacement benefits) in Pennsylvania's Workers' Compensation Act in 1984, (*see Baksalary v. Smith*, 579 F. Supp. 218 (E.D. Pa.1984) (liability) & 579 F. Supp. 1289 (remedial order and consent decree), I served as co-counsel during appeals by the Commonwealth and the insurer-defendants in the Third Circuit and the United States Supreme Court. *Baksalary v. Smith, aff'd*, 772 F.2d 893 (1985); *appeal denied sub nom Allstate Insurance Co. v. Baksalary*, 469 U.S. 1146 (1985). I also assumed primary responsibility for monitoring and implementing the

---

[1] This case was featured for several years in the National Constitution Center's Supreme Court exhibit to depict how a case proceeds through the various stages of federal litigation to the United States Supreme Court.

7

post-judgment Consent Decree and litigating corresponding petitions for attorney's fees. *See e.g.,* 1990 U.S. Dist. LEXIS 7386; 711 F. Supp. 250 (E.D. Pa. 1989); 693 F. Supp. 242 (E.D. Pa. 1988); 662 F. Supp. 344 (E.D. Pa. 1986).

***Copeland v. City of Philadelphia***, No. 87-1256. Section 1983 and 14th Amendment challenge to the discharge of a police officer after a drug screen conducted without reasonable suspicion. The trial court granted summary judgment for the City, which was upheld by the Third Circuit. 840 F.2d 1139 (1987), *cert. denied*, 109 S.Ct. 1636 (3rd Cir. 1988).

***Scurry v. City of Philadelphia***, No. 85-6932. Section 1983 and 14th Amendment challenge to the dismissal of a police cadet based on a failed polygraph examination. The trial court granted the City's Motion for Summary Judgment, which was affirmed by the Third Circuit. 1986 U.S. Dist. LEXIS 26121, *aff'd*, 808 F.2d 1518 (3d Cir. 1986).

***Wesley v. Unemployment Compensation Board of Review*** – Petition for *certiorari* to United States Supreme Court raising 1st Amendment challenge to the state's denial of unemployment compensation benefits to a teacher who had been dismissed from a parochial school for a violation of a religious rule which would not be disqualifying in any other employment context. *Cert. denied*, 112 S. Ct. 1671 (1993).

***Young v. Vaughn, et al.*** – No. 98-4630 – Section 1983 action on behalf of a woman whose husband was serving a lengthy prison sentence and whose visitation privileges had been terminated indefinitely. The Court denied plaintiff's motion for summary judgment, concluding that although she had a fundamental constitutional right to maintain a meaningful marriage, convicted prisoners and their families have no constitutional right to face to face contact or visitation, and that any such right could be overcome by penological or security considerations. 2000 U.S. Dist. LEXIS 10667 (E.D. Pa. July 21, 2000).

**Constitutional Litigation – State Court**

***J.S. v. Manheim Township School District***. Successful challenge to school expulsion based on the confluence of due process *vis a vis* school district's burden of proof and the scope of *Tinker v. Des Moines Co. School District* as applied to student's off-campus expressive activity, and what constitutes a "true threat" under the 1st Amendment. 2019 Pa. Dist. & County Dec. LEXIS 2346 (Lancaster County February 25, 2019)(rev'g expulsion); 231 A.3d 1044 (Commw. 2020)(aff'g trial court); *aff'd*, 263 A.3d 295 (Pa. 2021).

***C.W. by Wasiek***, 10 Fid.2d 79 (1990); rev'd, 1993 Pa. Super. LEXIS 85; *vacated and trial ct. aff'd.*, 433 Pa. Super. 167, 640 A.2d 427, *cert. denied*, 513 U.S. 1183 (1995). Served as court appointed guardian *ad litem* for a woman with severe disabilities in connection with her mother's petition to for sterilization. The case involved a six-day trial, appeals through state court system, and Petition for Writ of Certiorari, which was ultimately denied.

8

**Employment Litigation – Disability**

I have done a wide range of disability discrimination cases under the ADA and Section 504. One of my primary areas of interest and my litigation activity has focused on challenging blanket, no-restrictions policies that foreclose people with disabilities from keeping or returning to their jobs after injuries or illnesses by making reasonable accommodations unavailable as a matter of institutional policy.

> *Amoako v. City of Norristown,* No. 20-2445. Section 504 claim on behalf of a city administrator terminated because of a visual disability after she requested a short medical leave followed by part-time and temporary remote work accommodation. After the completion of discovery, the case was settled in mediation with a U.S. Magistrate.
>
> *Essex v. Philadelphia Electric Co.,* No. 91-CV-7244. Section 504 challenge to the plaintiff's discharge based on perceived psychiatric disability. Settled on the eve of trial.
>
> *Gray v. Pennsylvania Tidewater Dock Co.,* No. 98-CV-2577. ADA challenge to employer's refusal to permit Plaintiff to return to work after recuperation from work injury based upon an erroneous perception of disability and plaintiff's record of impairment. Case settled for significant relief after discovery concluded and Plaintiff filed a Motion for Summary Judgment.
>
> *McCall v. City of Philadelphia,* No. 14-4374 (3rd Cir.). Appellate counsel in Third Circuit appeal from summary judgment dismissal of the plaintiff's hostile work environment claim under the ADA, and raising the question whether a request for FMLA leave by an ADA-covered employee also qualifies as a request for accommodation. The Court said that it might, but upheld summary judgment for the City. 629 Fed. Appx. 419 (3rd Cir. Nov. 19, 2015).
>
> *Perez v. Philadelphia Housing Authority,* No. 85-cv-4788. Successful challenge to the termination of a public employee with an orthopedic disability pursuant to Section 504 and the 14th Amendment. Prevailed in a bench trial and on appeal. 677 F. Supp. 357, *aff'd,* 841 F.2d 1120 (3d Cir. 1988).

9

***Solomon v. School District of Philadelphia,*** No. 10-cv-3221. Constructive retirement claim under the pre-amendment ADA on behalf of a teacher with orthopedic disability whose request for reasonable accommodation was denied without an interactive process on the ground that she did not need one, and then barred her from returning to work if she had physical restrictions. Jury found that plaintiff had a covered disability, but found for the district on the accommodation issue. *Aff'd* 532 Fed. Appx. 154 (3rd Cir. Aug. 12, 2013).

***Williams v. Department of Public Welfare,*** 671 A.2d 292 (Pa. Commw. 1996). Successfully argued in a case of first impression that the ADA and Section 504 could be used as a defense to a "just cause" dismissal under Section 951(a) of the Civil Service Act, where employee was terminated under a policy that reserved job accommodations for employees who acquired their disabilities in workplace accidents, and requiring all other workers with disabilities to return to work within one year of disability without medical restrictions.

### Disability Litigation -- Full-duty Work Rules/No-Restrictions Policies

***Isaacs v. Philadelphia Housing Authority,*** No. 95-cv-0979 – Constructive discharge challenge under the ADA and Section 504 pursuant to a "no restrictions" policy which required plaintiff to have his medical restrictions lifted in order to continue in his employment. He received full make-whole relief after the court heard argument on Plaintiff's motion for summary judgment.

***Bracciale v. City of Philadelphia,*** 97-cv-2464. Water Meter Reader was injured on duty, then denied a light duty assignment and fired under a policy that required him to produce a full-duty, no-restrictions work release to return to work at all. Holding that there is no exhaustion requirement under Section 504 or Title II of the ADA, the court denied the City's Motion to Dismiss, and the case was then settled for significant relief for the plaintiff. 1997 US Dist. LEXIS 16757 (E.D. Pa. Oct. 28, 1997).

***Nelson v. US Airways,*** No. 98-cv-4997. ADA claim for failure to accommodate and intentional discrimination on behalf of a ramp baggage handler who sustained permanent injuries to his knee in a serious work accident, and was thereafter barred from returning to work in any capacity based on the employer's no-restrictions" policy. The case settled after discovery was completed and Plaintiff filed for summary judgment.

***Taylor v. USF-Red Star Express,*** 03-cv-2216. Regarded-as ADA challenge on behalf of a truck driver who suffered a seizure and had his CDL license automatically suspended for 6-months. Employer refused to allow him to return to work in any capacity based on an unfounded and erroneous perception that he was seizure-prone and an epileptic. Jury verdict for plaintiff. 2005 U.S. Dist. LEXIS 3600 (E.D. Pa. March 8, 2005 (denying cross-motions for summary judgment); 2005 U.S. Dist. 3599 (denying Defendant's post-trial motions and granting in part Plaintiff's Motion for Attorney's Fees and Costs), *aff'd,* 212 Fed. Appx. 101 (3rd Cir. 2006), *cert. denied*, 550 U.S. 936 (2007).

10

**The Following Cases Were Brought Pursuant to Section 504 and/or the ADA Against the City of Philadelphia Challenging Its Multiple Blanket, No-Restrictions Policies that Require Uniformed Officers in the Fire And Police Departments to be Medically Cleared to Perform All the Job Duties in their Classifications, (Police Officer, Firefighter, Lieutenant, Captain, etc.), Including Active Firefighting Or Patrol-Duties, Respectively, Whether Or Not Those Functions Are Essential to the Specific Job the Individual "Holds Or Desires." These Policies Operate Automatically Without an Interactive Process, Preclude Accommodation, and End Careers in the Uniformed Services.**

*Doherty v. City of Philadelphia*, No. 01-cv-5252. This was the first of many cases brought under the ADA and/or Section 504 directly challenging the legality of Civil Service Regulation 32, which forced the termination of employees with work-connected injuries when the City deemed them not capable of returning to the full duties of their pre-injury job classification. Lieutenant Doherty was a decorated veteran of the Fire Department ("PFD") who suffered a heart attack in the line of duty. He was qualified to perform multiple administrative staff positions, but was not permitted to return to work in any position without a full-duty release to perform every job in the classification of Fire Lieutenant. In a court-mediated settlement after discovery concluded, City agreed to amend Regulation 32 to incorporate the "with or without accommodation" language required by federal law.

*Keys v. City of Philadelphia*, No. 04-cv-766. This was another direct attack under the ADA and Section 504 against Regulation 32 on behalf of four police officers who, after suffering serious on-duty injuries had returned to work in positions that did not require active patrol duties, but were then terminated two years later when the City deemed them to be "permanently and partially disabled" from performing all the duties within their job classifications. Plaintiffs alleged that Regulation 32 was facially invalid, that its application to them constituted disability discrimination, and also had a disparate impact on qualified police officers with disabilities. The case was settled after cross-motions for summary judgment were denied. 2005 U.S. Dist. LEXIS 30137 (E.D. Pa. Nov. 29, 2005).

*Murphy v. City of Philadelphia*, No. 10-cv-3475. After recovering from an off-duty heart attack, the City refused to transfer Plaintiff to the available position of Water Safety Officer, which did not require active firefighting, because he could not be medically released to perform all of the duties within his general job classification as Fire Lieutenant. Case was resolved by way of a consent decree.

*Rachel v. City of Philadelphia*, No. 11-cv-7428. Plaintiff sustained a serious injury on a fire ground. PFD refused to allow him to return to work in an available position as Chief Battalion's Aide because he was not medically released to perform all the duties of an active fire fighter. Case settled during discovery.

*DeStefano v. City of Philadelphia*, No. 11-cv-6715. Served as trial and post-trial co-counsel. After an injury in the line of duty, Plaintiff was placed in a supervisory administrative position in the Differential Police Response Unit, which did not involve

11

street duties. Pursuant to Regulation 32, he was terminated after two years because he could not be medically released to perform all of the positions subsumed under the general job classification of Police Lieutenant. Jury verdict in plaintiff's favor.

***Lewandowski v. City of Philadelphia***, No. 15-cv-2824. After suffering renal failure on a fire ground and undergoing a kidney transplant, Plaintiff was promoted to Captain and assigned to a staff position that did not require active firefighting. A course of retaliation ensued, culminating in an involuntary medical leave from which she was precluded by PFD policy from returning to work in any position unless she could produce a full-duty release to perform all the duties of every job within the classification of Fire Captain. The case was settled after discovery. Plaintiff resumed her career and was ultimately promoted to Battalion Chief, a position she held until her recent retirement from the PFD.

***Lee v. City of Philadelphia*** – No. 16-cv-1126. Fire Captain was forced to take an extended medical leave when his cochlear implant required protracted diagnostic services and repair. Having been denied a temporary staff position that did not require active firefighting, he was forcibly retired pursuant to a PFD policy that required a full-duty, no restrictions work release for every job in his classification. Case settled after discovery, and Plaintiff resumed his career. He is still working as a Fire Captain.

***Gallagher v. City of Philadelphia*** – C.A. No. 16-3697. This was another forced retirement case ensuing from the same policy at issue in the *Lee* and *Murphy* cases. Plaintiff fire fighter was forcibly retired without notice and with no interactive process three weeks before heart surgery. Case was settled after truncated discovery and retirement was rescinded.

**Employment - Gender**

***Cheek v. Cosco Wholesale, Inc.***, C.A. No. 00-8413- Co-counseled this glass ceiling case on behalf of a black manager who had been denied pay raises, promotional opportunities, and subjected to discrimination and retaliation because of her race, gender, and protected activity. Case settled after full discovery and after plaintiff responded to defendant's motion for summary judgment.

***Fitzwater v. First Judicial District***, C.A. No. 99-CV-3274 – Gender discrimination claim under Title VII against a state defendant. Successfully defended against an Eleventh Amendment attack. 2000 U.S. Dist. LEXIS 4931. The case settled while Defendant's appeal was pending in the Third Circuit.

***O'Connor v. City of Philadelphia***, C.A. 10-CV-7266 (E.D. Pa): 1st Amendment and Title VII retaliation challenge to the "passing over" of the plaintiff in a promotion based on gender stereotyping and for discrimination under the Philadelphia Fair Practices Ordinance. Case settled at the conclusion of discovery.

12

**Employment - Retaliation**

*Hesling v. Avon Grove Sch. Dist.*, C.A. No. 02-8565, *Hesling v. Massaro*, C.A. 03-cv-5797 & *Hesling v. Seidenberger*, No. 04-4874. Complex and protracted Section 1983 litigation that ensued from the retaliatory actions of a school superintendent against a parent after she prevailed *pro se* in a special education due process hearing and administrative appeal for her daughter. Among other things, the district court ruled, incorrectly, that a post-due process retaliation claim by a parent with no connection to a student's FAPE must be exhausted through a due process hearing. 428 F. Supp. 2d 262 (E.D. Pa. 2006). The Third Circuit affirmed without directly addressing that issue in the case against the Superintendent. 286 Fed. Appx. 773 (3rd Cir. 2008). Since then, the 3rd Circuit and the Supreme Court have confirmed that there is no exhaustion requirement for IDEA claims unrelated to FAPE. *Fry v. Napoleon*, 580 U.S. 154 (2017); *Perez v. Sturgis Pub. Schs.*, 598 U.S. 142 (2023).

*Ridgeway v. Chester Charter Community School, et al.*, C.A. 20-4786. Title IX retaliation and defamation claim on behalf of a 2nd Grade teacher terminated after she reported student-on-student sexual abuse. When she applied for a new job in a different state, defendants submitted a false and defamatory report to her prospective employer stating that she had been "the subject" of a child abuse investigation. Claiming that Plaintiff's report of suspected sexual abuse did not constitute protected activity under Title IX, and that her defamation case could only be brought in New Jersey where she lived, not in Pennsylvania where she worked, defendants unsuccessfully moved to dismiss. The Motion was denied. 2021 U.S. Dist. LEXIS 209048 (E.D. Pa. 10/29/2021). The case was settled after the conclusion of private mediation.

*Robinson v. SEPTA*, C.A. No. 87-5114. Challenged the discharge of a SEPTA employee based upon the retaliation provision of Title VII. Prevailed at trial and on appeal to the Third Circuit. 1990 U.S. Dist. LEXIS 18795 (E.D. Pa. May 1, 1990); *aff'd*, 982 F.2d 892 (3d. Cir. 1992), *on remand* 1993 U.S. Dist. LEXIS 5134 (April 22, 1993)(awarding pre-judgment interest).

**Employment - Family and Medical Leave**

*O'Hara v. Jefferson University Hospital*, No. 98-cv-5235. Case challenging discharge of hospital employee pursuant to Family and Medical Leave Act was settled at close of discovery for significant relief for plaintiff.

*Oates v. City of Philadelphia*, No. 96-cv-5915 (E.D. Pa.): Family and Medical Leave Act challenge to the discharge of a City employee who requested a leave of absence to care for his sick father in another state. The case was settled at the conclusion of discovery with significant relief for plaintiff.

13

**Employment - Race/Language Discrimination**

*Anderson v. City of Philadelphia*, 03-cv-1007. Title VII disparate impact challenge on behalf of four black police detectives with pseudo-folliculitis barbae who had been forced onto restricted duty based on a departmental directive requiring all officers to be clean shaven. Case was settled after plaintiffs filed for summary judgment.

*A.M. v. Department of Public Welfare*, 540 A.2d 1 (Pa. Comm. 1988) Successful appeal of state's denial of child abuse expungement where denial was premised upon Caucasian social workers' misperception of client's meaning in the African-American vernacular.

*Brown v. SEPTA*, No. 3593, October Term, 1993 -- Challenge pursuant to Pennsylvania Human Relations Act alleging racial bias in SEPTA's failure to promote African-American employee based on diction test. Case was settled at conclusion of discovery.

**Disability - Transportation**

*Hardin v. SEPTA*, C.A. No. 91-7434 -- Action against SEPTA on behalf of visually impaired plaintiffs brought in conjunction with the Disabilities Law Project (now Disabilities Rights Pennsylvania) seeking accommodations pursuant to the ADA and Section 504. Consent decree ordering most of the accommodations sought was entered by the court.

**Special Education Litigation**

*Bogan v. Wissahickon School District, et al.*, C.A. No. 03-CV-253. Action for preliminary injunction under IDEA, Section 504 and 42 U.S.C. §1983 for appropriate residential services to a child with severe autism and damage claims for injuries she sustained in an inappropriate placement, including physical injury, regression, and loss of speech. The case was settled with significant relief to Plaintiffs.

*Boyertown Area School District v. Harrison S.*, C. A. No. 09-cv-4759. Appellate counsel for parents defending a hearing officer's decision that school district denied FAPE denial and award of compensatory remedies, and pursuing counter-claims for additional FAPE violations and retaliation. The case was settled during discovery.

*Braden O. v. West Chester Area School District*, C.A. No. 16-cv-0071. Complex due process litigation involving the juxtaposition of the IDEA's pendency and inter-state transfer provisions as applied to the residential placement of a student with severe disabilities after his family moved from California to Pennsylvania. The hearing officer issued a pre-hearing pendency order requiring the school district to fund the placement during due process proceedings, and then concluded after a full hearing that the student was entitled to a residential FAPE. The school district appealed to federal court and secured a remand, contending that the pre-hearing orders (which were essentially moot after the decision on the merits) were erroneous because the inter-

state transfer provision applied, not pendency. Upon remand, the hearing officer affirmed her previous decision and ordered residential placement. 2017 U.S. Dist. LEXIS 103272 (E.D. Pa. July 5, 2017).

***Christian v. Bethlehem Area School District***, C.A. No. 00-CV-642. Action pursuant to IDEA, Section 504 and 42 U.S.C. §1983 for injunctive relief to force school district to provide appropriate educational services to a student with Autism in the least restrictive environment, and for monetary damages. The case was settled with significant relief to Plaintiffs after cross-motions for summary judgment.

***Cronrath v. Kutztown Area School District***, C.A. No. 98-CV-6342. This case challenged years of FAPE denial to a special education student with serious reading disabilities, and sought damages for severe harassment and retaliation based on her parents' use of due process proceedings on her behalf. The case was settled for significant relief for Plaintiff.

***George A. v. Wallingford Swarthmore School District***, C.A. 09-cv-3817. This special education case highlighted the importance of the IDEA's procedural requirements and their relationship to the provision of FAPE. The school district failed to comply with the IDEA's pendency provisions, effectively locked the parent and the student out of the IEP process, and unilaterally imposed an inappropriate placement that denied FAPE. 655 F.Supp.2d 546 (2009)(granting plaintiff's motion for TRO).

***Irene B. v. Philadelphia Academy Charter School***, 2003 U.S. Dist. LEXIS 3020 (E.D. Pa. Jan. 29, 2003)(holding that charter schools are state actors for purposes of Section 1983).

***James S. v. School District of Philadelphia***, No. 07-cv-1778. Due process litigation and appeal involving protracted Child Find violations, FAPE denial, disability and race discrimination and equal protection violations, as well as exhaustion and other complex remedial issues under the IDEA, Section 504, and Section 1983. The case settled after the court's disposition of cross-motions for summary judgment. *James S. v. Sch. Dist. Of Phila.*, 559 F. Supp.2d 600 (2008)(setting forth standards for surviving motion to dismiss pursuant to IDEA and Section 1983 in special education case involving FAPE denial and constitutional violations).

***Kathryn F. v. West Chester Area School District***, C.A. No. 12-cv-6965. Federal court appeal from a due process hearing officer's determination that, among other things, an evaluation report which denied FAPE could still form an appropriate predicate for FAPE. The District Court found no FAPE denial. 2013 U.S. Dist. LEXIS 177288 (E.D. Pa. Dec. 18, 2013).

***R.G. v. Downingtown Area School District***, C.A. 09-cv-3512. Appellate counsel for parents of a student with severe brain damage that significantly impeded her from acquiring speech, and whose claim for a private educational placement had been denied in due process. The appeal focused on the public policy implications of Congress's amendments to the IDEA in 1997 and in 2004, which emphasized

15

improved student outcomes and independent living, and employed a novel approach to supplementing the due process record by using Rule 36 admissions. The district court refused to enter the admissions into the record, and affirmed the placement denial. The 3rd Circuit affirmed. 528 Fed. Appx. 153 (3rd Cir. 2013).

***Tereance D. v. School District of Philadelphia***, 07-cv-4166. Special education case of nearly first impression involving retroactivity provisions of the IDEIA, confirming that the statute does not preclude claims which arose before it went into effect, even if not raised until after its effective date. 570 F. Supp. 2d 739 (E.D. Pa. 2008).

***School District of Philadelphia v. Department of Education***, 547 A.2d 520 (Comm. 1988). Successful challenge to School District's denial of auditory-verbal services to child with profound hearing loss under Individuals with Disabilities Education Act) and state special education regulations.

***S.M. v. Chichester Sch. Dist.***, 21-cv-4266. This is an ongoing, complex, and protracted appeal from a due process decision which centers primarily on the respective funding obligations of the school district and the state's mental health system for funding a residential educational placement for a student with severe disabilities whose behavioral health and educational needs are inextricably intertwined. 2022 U.S. Dist. LEXIS 52872 (E.D. Pa. Mar. 24, 2022)(granting plaintiffs' motion for preliminary injunction); 2022 U.S. Dist. LEXIS 105710 (E.D. Pa. June 14, 2022) (denying defendants' motion for reconsideration and stay pending 3rd Cir. appeal); 2024 U.S. App. LEXIS 24182 (3rd Cir. 09/23/2024)(affirming PI), 2024 U.S. Dist. LEXIS 182471 (E.D. Pa. 10/04/2024(effectuating PI). The school district's second appeal to the Third Circuit, No. 24-2727, is still pending.

**Post-Secondary Education**

***Ryan v. Cohen***, C.A. No. 86-cv-4293. Action to compel the Commonwealth and Department of Blindness and Visual Services to provide tuition assistance to blind students to attend out of state universities. Case was settled after the Court denied Plaintiff's Motion for Preliminary Injunction. 1986 U.S. Dist. LEXIS 21591 (E.D. Pa. April 14, 1986).

***Holden v. University of Pennsylvania***, C.A. No. 16-1354. Challenge based Title III of the ADA (public accommodations) and Section 504 to student's expulsion from a graduate nursing program. Case settled in 2018 after court denied University's motion for summary judgment.

**Amicus Briefs**

***Punt v. Kelly Services, et al.***, No. 16-1026 (10th Circuit 04/05/16) – Brief on behalf of the National Employment Lawyers Association and National Disability Rights Network arguing that 10th Circuit's "duration of impairment" standard for determining the reasonableness of medical leave of absence as an accommodation under the Americans with Disabilities Act violated the statute.

16

***Rue v. K-Mart, Inc.***, 552 Pa. 13 (1998) Amicus brief on behalf of Philadelphia Bar Association arguing against collateral estoppel effect of unappealed unemployment referee's decisions in subsequent employment litigation.

***Deane v. Pocono Medical Center***, 142 3d Cir. 138 (3rd Cir. 1999)(*en banc*). *Amicus* brief on behalf of several organizations on reconsideration to the Third Circuit Court of Appeals in a case involving perceived disabilities under the Americans with Disabilities Act. This case established that perception plaintiff's state an actionable claim under the ADA by alleging that they can perform the essential (but not all) functions of the job in question, with or without accommodation.

***Cook v. Unemployment Compensation Board of Review***, 1996 U.S. Pa. LEXIS 48 -- Represented Valley Unemployed Committee and the Philadelphia Unemployment Project as *amici curiae* in successful challenge to jurisdictional bar to late appeals when lateness was caused by medical circumstances beyond the appellant's control.

***In Re Robert E. K. Lambert, Jr., Alleged Incompetent*** -- Represented several disability groups as *amici curiae* arguing that people alleged to be incapacitated under Pennsylvania's Guardianship Law have state and federally guaranteed right to counsel. Case was decided in favor of Mr. Lambert on other grounds.

***Valenti v. Workers' Compensation Appeal Board*** -- Represented Philadelphia Area Project on Occupational Safety and Health as *amicus curiae* in Americans with Disabilities Act challenge to standards for evaluating mental disabilities under Pennsylvania Workers' Compensation Act. Case was decided by the Commonwealth Court on other grounds.

January 23, 2025