IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN OROSS** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-5032** |
| | : | |
| **KUTZTOWN UNIVERSITY, et al.** | : | |
| Defendants | : | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLYN GARDNER** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-1034** |
| | : | |
| **KUTZTOWN UNIVERSITY, et al.** | : | |
| Defendants | : | |

**SCOTT M. POLLINS' DECLARATION IN SUPPORT OF
PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

I, Scott M. Pollins, being over the age of 18, declare as follows:

1. I am an attorney licensed to practice in the state courts of Pennsylvania, New Jersey and Maryland, the U.S. District Courts for the Eastern, Middle, and Western Districts of Pennsylvania, District of New Jersey, District of Maryland, Western District of Tennessee, and the U.S Court of Appeals for the Third Circuit.

2. I have practiced law for 30 years.

3. My primary practice area is employee rights, including representing clients in matters based on discrimination/harassment/hostile work environment and retaliation based on disability, gender, race, gender, age, religion, and sexual orientation, public policy wrongful discharge and whistleblower retaliation. I have focused my practice in this area for 25 years.

1

4. I have been on the Board of the National Employment Lawyers Association (NELA) (the largest employee rights lawyer organization in the world) since 2016. I was the President of the local NELA affiliate, NELA-EPa, from 2011 through 2019. I am the employee representative chair for the Employment Rights and Responsibilities Subcommittee for the Labor and Employment Law Section of the American Bar Association (ABA). I was the co-chair of the Plaintiff's Employment Panel for this Court from 2010 through 2015. I have spoken about various employment law topics at legal seminars sponsored by the Pa. Bar Institute, NELA, NELA-EPa, and the ABA.

5. Throughout my career practicing employee rights, I have obtained positive outcomes, including the following: a) worked with a team of class action and employment lawyers to settle a group action age discrimination case pending in federal court in Wisconsin against a Fortune 500 company for nearly $8Million resulting in the firm earning a fee of approximately $500,000; b) Settled a pre-ADAAA disability discrimination case on the eve of trial for 100% of what client wanted against a law firm that advertised on its web site that it had never lost a federal employment case jury trial; c) settled a disability discrimination and retaliation case pending in private arbitration after obtaining a favorable ruling from the arbitrator on a motion for summary judgment; and d) settled a single plaintiff FMLA/gender discrimination case for in excess of $500,000 after summary judgment denied and case scheduled for jury trial.

6. My current contingency fee hourly rate is $720/hour. This hourly rate is actually lower than the lowest band for my years of experience pursuant to the January 2023 Community Legal Services (CLS) schedule of rates (https://clsphila.org/about-community-legal-services/attorney-fees/).

7. Although I have not filed many petitions for attorneys' fees in this Court, I am intimately familiar with contingency fee hourly rates in employee rights cases like the *Oross* and *Gardner* cases.

8. I handle nearly all of the employee rights cases I litigate on a contingency fee basis. That means the clients do not pay for my time, and I risk not earning anything for what can be years of work and hundreds of hours of time, which equates to hundreds of thousands of dollars of income. I have provided declarations similar to this one to colleagues in a number of employment cases in this Court.

9. The CLS schedule is a useful reference for this Court to consider in assessing the value employee rights lawyers provide to clients like Professors Oross and Gardner. However, even the CLS schedule does not completely capture the value of the risk that lawyers like Lorrie McKinley and Ralph Lamar take when they agree to represent clients on a contingency fee basis. This is because the CLS schedule is not updated on a yearly basis (the schedule was last updated more than two years ago) and because the CLS schedule contains a very important footnote stating that "[t]hese rates do not reflect any adjustment for contingency, …" This footnote means that the hourly rates should be viewed as potentially meriting enhancement for employment cases successfully handled on a contingency fee basis.

10. The risk of losing for lawyers like Ms. McKinley, Mr. Lamar, and myself who represent employees in employment discrimination cases is significant and intimidating. Handling such cases on a contingency fee basis is not something most lawyers are willing to do. That means that even in a large metropolitan area like Philadelphia there are only a handful of lawyers who will weather the storm and brave the journey to help clients like Professors Oross and Gardner against large institutional employers like Kutztown University.

11. In my experience, the rates provided in the CLS schedule are on the low end for contingency fee hourly rates for employment cases won by employees. Successfully representing employees in employment discrimination cases is a challenge. The law is constantly evolving. Particularly in federal court, many employee rights cases are lost on summary judgment. See, for example, *Reforming the Summary Judgment Problem: The Consensus Requirement*, Suja A. Thomas, University of Illinois College of Law, 86 Fordham L. Rev. 2241 (2018); [Essay: From the "No Spittin', No Cussin' and No Summary Judgment" Days of Employment Discrimination Litigation to the "Defendant's Summary Judgment Affirmed Without Comment" Days: One Judge's Four-Decade Perspective](), Hon. Mark Bennett (N.D. Iowa) 57 N.Y.L. Sch. L. Rev. 685 (2012–2013).

12. My colleagues Lorrie McKinley and Ralph Lamar asked me to provide this Declaration in support of Plaintiffs Stephen Oross's and Carolyn Gardner's Petition for Attorneys' Fees and Costs in *Oross v. Kutztown University, et al.,* Civil Action No. 21-5032, U.S. District Court for the Eastern District of Pa. and *Gardner v. Kutztown University, et al.*, Civil Action No. 22-1034, U.S. District Court for the Eastern District of Pa.

13. I am familiar with Ms. McKinley's legal work in employee rights through the following: discussing and strategizing about our respective cases with each other over the past 20 years, referring each other employment matters, attending conferences put on by the National Employment Lawyers Association (NELA) and its local affiliate, NELA-EPa, and reviewing Ms. McKinley's postings on the NELA Exchange (a national list serv for employment law specialists who represent primarily employees in employment discrimination cases).

14. I also reviewed Ms. McKinley's CV for the purpose of this declaration. Throughout her career, Ms. McKinley has earned a reputation for obtaining successful outcomes in disability discrimination cases.

15. I am familiar with Mr. Lamar's legal work in employee rights through the following: discussing and strategizing about our respective cases with each other over the past 20 years, jointly serving in leadership positions in NELA-EPa (local affiliate of the National Employment Lawyers Association), and reviewing Mr. Lamar's postings on the NELA Exchange.

16. I also reviewed Mr. Lamar's CV for the purpose of this declaration. His trial record is extensive. Where many lawyers will try a few jury cases in their careers, Mr. Lamar has tried more than 20 as lead or co-counsel with a significant number of favorable verdicts for his clients. As a practicing employment lawyer for more than 35 years he enjoys a strong and well-earned reputation amongst the members of the plaintiffs employment bar.

17. I reviewed the following documents relating to these cases:

- For the *Oross* case, I reviewed the Complaint (ECF-1), Defendants' Answer to the Complaint (ECF-17), Temporary Restraining Order (ECF-8), Summary Judgment Opinion (ECF-69), and the Final Judgment (ECF-104).

- For the *Gardner* case, I reviewed the Complaint (ECF-1), Defendants' Answer to the Complaint (ECF-6), Preliminary Injunction Order (ECF-41), Summary Judgment Opinion (ECF-79), and the Final Judgment (ECF-100).

18. Ms. McKinley and Mr. Lamar obtained early injunctive relief in Professor Gardner's cases, and Ms. McKinley obtained early injunctive relief in Professor Oross's case (after which Mr. Lamar joined her as co-counsel). This successful advocacy is nearly unprecedented in employee rights cases, and their successful advocacy resulted in meaningful and career preserving value for Professor Gardner and Professor Oross.

19. Ms. McKinley is seeking an hourly rate of $850/hour for her work on Professors Oross's and Gardner's cases. Mr. Lamar is seeking an hourly rate of $825/hour for his work on Professors Oross's and Gardner's cases.

20. The hourly rates sought by Ms. McKinley and Mr. Lamar are commensurate with contingency fee hourly rates sought by other successful employee rights lawyers with similar years of experience and skill level in the Southeastern Pennsylvania legal community.

21. I am familiar with the contingency fee hourly rates used by employee rights lawyers in our community due to my own experience working on cases and working with colleagues like Ms. McKinley and Mr. Lamar, reading case opinions in employment cases where attorneys' fees are sought for successful outcomes like what Ms. McKinley and Mr. Lamar obtained in these cases, and reviewing the current CLS schedule.

22. Based on everything I stated above, I believe that Ms. McKinley's requested $850/hour rate is reasonable, and I believe that Mr. Lamar's requested $825/hour rate is also reasonable.

23. Ms. McKinley and Mr. Lamar are titans in the employee rights lawyer community nationally, not just in this community. Their successful advocacy in these cases will inspire other employee rights lawyers like myself and my colleagues to assist clients like Professors Oross and Gardner who are vulnerable and in need of fearless and relentless legal help.

24. Fairly compensating Ms. McKinley and Mr. Lamar at their requested respective hourly rates of $850/hour and $825/hour will fulfill Congress's purpose in allowing attorneys' fees for successful plaintiffs in employee rights cases.

I, Scott M. Pollins, am authorized to make this Declaration. I have personal knowledge of the statements made in this Declaration. The statements in this Declaration are true and correct to the best of my knowledge, information, and belief. I understand that the statements in this Declaration are made subject to the penalties relating to unsworn falsification to authorities.

                                         Respectfully submitted,

                    By:   */s/ Scott M. Pollins*
                            Scott M. Pollins - Pa. Atty. Id. No. 76334
                            **Pollins Law**
                            303 W. Lancaster Ave., Ste. 1C
                            Wayne, PA 19087
                            (610) 896-9909 (phone)/(610) 896-9910 (fax)
                            scott@pollinslaw.com (email)

Date:  2/3/25